IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 17-1736 (RGA) |
| MEDIACOM COMMUNICATIONS CORP., | ) ) | **REDACTED** |
| Defendant. | ) ) ) | **PUBLIC VERSION** |
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-361 (RGA) |
| WIDEOPENWEST, INC., et al., | ) ) | **REDACTED** |
| Defendants. | ) ) ) | **PUBLIC VERSION** |
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-362 (RGA) |
| ATLANTIC BROADBAND FINANCE, LLC, et al., | ) ) | **REDACTED** |
| Defendants. | ) ) ) | **PUBLIC VERSION** |

|  |  |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 18-363 (RGA) ) |
| GRANDE COMMUNICATIONS NETWORKS, LLC, et al., | ) **REDACTED** ) **PUBLIC VERSION** ) |
| Defendants. | ) ) ) |

### SPRINT'S MEMORANDUM AND AUTHORITIES IN SUPPORT OF ITS CONSOLIDATED MOTION TO EXCLUDE EXPERT TESTIMONY OF MR. BAKEWELL

POLSINELLI PC
Stephen J. Kraftschik (#5623)
Christina B. Vavala (#6135)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
cvavala@polsinelli.com

*Attorneys for Plaintiff Sprint
Communications Company L.P.*

OF COUNSEL:

B. Trent Webb
Ryan J. Schletzbaum
Ryan D. Dykal
John D. Garretson
Jordan T. Bergsten
Aaron E. Hankel
Lauren E. Douville
Mark D. Schafer
Maxwell C. McGraw
Samuel J. LaRoque
Thomas M. Patton
Lydia C. Raw
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

Robert H. Reckers
Michael W. Gray
Jonathan M. Hernandez
SHOOK, HARDY & BACON L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002
(713) 227-8008

Original Filing Date:  June 12, 2020
Redacted Filing Date: June 25, 2020

## <u>TABLE OF CONTENTS</u>

Page

I.    INTRODUCTION ................................................................................................1

II.   NATURE AND STAGE OF THE PROCEEDINGS ..........................................1

III.  SUMMARY OF THE ARGUMENTS ...............................................................1

IV.   STATEMENT OF RELEVANT FACTS ...........................................................3

    A. Mr. Bakewell's ███ Reasonable Royalty Opinions. ....................................3

    B. Mr. Bakewell's Opinions Regarding Sprint's Patent Infringement Accusations. ............3

    C. Mr. Bakewell's References to Non-Comparable VoIP Patents and Technology. ............4

V.    ARGUMENT ......................................................................................................5

    A. Mr. Bakewell Did Not Disclose Any Calculations Supporting His Royalty Conclusion, and It Should Be Excluded As "Plucked Out Of Nowhere" ......................6

    B. The Court Should Exclude Mr. Bakewell's Opinions ██████████ ████████████████ ████████████████ ..................................................................9

    C. Dr. Bakewell's Reliance on Other VoIP Patents and Technology and Non-Comparable Licenses Should Be Excluded ................................................11

        i. Mr. Bakewell's "Say-So" Conclusions Regarding the Relevancy of Other VoIP Patents and Technologies Is Unreliable ......................................11

        ii. Mr. Bakewell's Opinions Depending On Non-Comparable Licenses Should Be Excluded ..............................................................12

VI.   CONCLUSION ..................................................................................................13

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acceleration Bay LLC v. Activision Blizzard Inc.*,
    No. 16-cv-00453-RGA, 2019 WL 4194060 (D. Del. 2019)............................................2, 10

*Cryovac Inc. v. Pechiney Plastic Packaging, Inc.*,
    430 F. Supp. 2d 346 (D. Del. 2006) ....................................................................................6

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993) ............................................................................................................5

*Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Group, LLC*,
    879 F.3d 1332 (Fed. Cir. 2018)...................................................................................6, 7, 8

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
    694 F.3d 51 (Fed. Cir. 2012)...........................................................................................8, 11

*M2M Sols. LLC v. Motorola Sols., Inc.*,
    No. 12-33-RGA, 2016 WL 767900 (D. Del. Feb. 26, 2016).........................................11, 12

*Netfuel, Inc. v. Cisco Sys. Inc.*,
    No. 5:18-cv-02352-EJD, 2020 WL 1274985 (N.D. Cal. 2020)...........................................9

*Oddi v. Ford Motor Co.*,
    234 F.3d 136 (3d Cir. 2000)................................................................................................6

*ResQNet.com, Inc. v. Lansa, Inc.*,
    594 F.3d 860 (Fed. Cir. 2010)...........................................................................................12

*TC Tech. LLC v. Sprint Corp.*,
    No. 16-cv-153-RGA, 2019 WL 2515779 (D. Del. July 18, 2019) ....................................13

*Whitserve, LLC v. Computer Packages, Inc.*,
    694 F.3d 10 (Fed. Cir. 2012)..............................................................................................8

**Statutes**

FED. R. EVID. 702(a)–(d) ............................................................................................................6

## I.  INTRODUCTION

Sprint Communications Company L.P. ("Sprint") files this motion to exclude certain opinions of Defendants' damages expert, Mr. W. Christopher Bakewell, pursuant to Federal Rule of Evidence 702.

## II.  NATURE AND STAGE OF THE PROCEEDINGS

Sprint filed the above-captioned lawsuit against Mediacom Communications Corp. ("Mediacom") on December 1, 2017 and filed the remaining above-captioned lawsuits against Atlantic Broadband,[1] WideOpenWest,[2] and RCN[3] on March 7, 2018.  On March 20, 2020, Sprint's damages expert, Dr. Russell Mangum, served his opening reports regarding the damages owed to Sprint due to each defendants' infringement of the patents-in-suit.  The defendants in the four above-captioned cases retained the same damages expert, Mr. W. Christopher Bakewell, who served his rebuttal reports for each defendant on April 24, 2020.  Dr. Mangum served his reply reports responding to those rebuttals on May 15, 2020.  The Court scheduled these cases for one-week jury trials beginning on October 14, 2020.  *See* Scheduling Order, *Sprint Commc'ns Co., L.P. v. Charter Commc'ns, Inc. et al.*, No. 17-cv-1734-RGA, D.I. 50 at 12 (D. Del. Aug. 29, 2018).

## III. SUMMARY OF THE ARGUMENTS

1.      This Court should exclude Mr. Bakewell's royalty conclusion in his rebuttal damages reports of ██ per month per subscriber for Sprint's "Christie Patents," as his reports do not explain how it was calculated, and it does not appear to follow from any of the "inputs"

---

[1]   Atlantic Broadband, Finance, LLC, Atlantic Broadband (CT), LLC, Atlantic Broadband (Delmar), LLC, Atlantic Broadband (Miami), LLC, Atlantic Broadband (NH-ME), LLC, Atlantic Broadband (Penn), LLC, Atlantic Broadband (SC), LLC, and Metrocast Cablevision of New Hampshire, LLC (collectively "Atlantic Broadband").
[2]   WideOpenWest, Inc., WideOpenWest Networks, Inc., and WideOpenWest Finance, LLC (collectively "WideOpenWest").
[3]   TPG Global, LLC, Grande Communications Networks, LLC, RCN Telecom Services, LLC, WaveDivision Holdings, LLC, and Radiate Holdings, L.P. (collectively "RCN").

identified in his reports.  Other than circular cross-citations to other conclusory statements in his report, there is no actual explanation for how Mr. Bakewell arrives at this figure.  Therefore, neither Sprint, nor the Court, nor the jury has any way to fairly evaluate the credibility or soundness of his opinion.  Mr. Bakewell's failure to explain or demonstrate calculations for his methodology used to arrive at his ▬ reasonable royalty is precisely the type of damages opinions disfavored by the Federal Circuit, and should result in exclusion.  For the same reason the Court should exclude Mr. Bakewell's conclusion on ▬ rate for Sprint's "Enhanced Services" patents, a rate he likewise only discusses in conclusory sentences without explaining how it could be properly calculated from record evidence.

2.      The Court should also exclude Mr. Bakewell's opinions assuming that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

In his analysis of the second *Panduit* factor in response to Sprint's lost profits claims, Mr. Bakewell concludes that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This opinion is in direct contradiction to established legal principles, and should be excluded. *Acceleration Bay LLC v. Activision Blizzard Inc.*, No. 16-cv-00453-RGA, 2019 WL 4194060, at *7 (D. Del. 2019) (excluding opinion of damages expert who "assumes non-infringement based on Plaintiff's decision not to pursue infringement claims").

3.      This Court should also exclude Mr. Bakewell's repeated references to other alleged ▬▬▬▬▬▬▬▬▬▬▬ in the United States, which he discusses without any evidence that a technical expert has analyzed their technical comparability to the patents in this case, and without any evidence that those patents are valid, or have been used or paid for by anyone.  These

references are not sufficiently tied to the facts of the case, and are confusing and unfairly prejudicial rather than helpful to the jury.

## IV. STATEMENT OF RELEVANT FACTS[4]

### A.    Mr. Bakewell's ████ Reasonable Royalty Opinions.

In his rebuttal reports, Mr. Bakewell concludes that the reasonable royalty for Sprint's "Christie Patents" is ██████████████████. Ex. 1, Bakewell ABB Report at ¶ 407.[5] Mr. Bakewell also provides a chart in each of the reports that purportedly provide the █████████ ██████████████████ used in his analysis. *Id.* at ¶ 402.[6] This chart does not disclose any data points that total to ████████████, and there is no apparent way to combine those data points to arrive at the ████ figure. *Id.* Mr. Bakewell does not further disclose how those data points were used to calculate the ████ royalty anywhere else in his reports. *Id.* Likewise, Mr. Bakewell opines on a ████ royalty for Sprint's asserted "Enhanced Services" patents, but never explains how that rate was or could be calculated from record evidence, other than to claim that ██ ████████████████████████████ Ex. 1, Bakewell ABB Report at ¶ 409.[7]

### B.    Mr. Bakewell's Opinions Regarding Sprint's Patent Infringement Accusations.

Mr. Bakewell opines that Dr. Mangum failed to consider that the defendants could have used a wholesale VoIP provider other than Sprint in the context of the second *Panduit* factor

---

[4] Mr. Bakewell provides a separate report in each of four cases, but those opinions are largely similar. For the Court's convenience, Sprint will provide a citation to each of the four reports, but Sprint's legal argument is the same for each opinion.

[5] Ex. 2, Bakewell Mediacom Report at ¶ 405; Ex. 3, Bakewell WideOpenWest Report at ¶ 406; Ex. 4, Bakewell RCN Report at ¶ 404.

[6] Ex. 2, Bakewell Mediacom Report at ¶ 400; Ex. 3, Bakewell WideOpenWest Report at ¶ 401; Ex. 4, Bakewell RCN Report at ¶ 399.

[7] Ex. 2, Bakewell Mediacom Report at ¶ 407; Ex. 3, Bakewell WideOpenWest Report at ¶ 408; Ex. 4, Bakewell RCN Report at ¶ 406.

analysis for lost profits. *Id.* at ¶ 172–73.[8] Here, Mr. Bakewell concludes that ███████

███████████████████████████████████████████████████████████████████

███████████████████████ *Id.* at ¶ 172.[9] Mr. Bakewell therefore relies upon Sprint's

non-assertion of patents against certain companies as evidence that other third party wholesale

products were non-infringing alternatives.

### C.  Mr. Bakewell's References to Non-Comparable VoIP Patents and Technology.

To determine a reasonable royalty, Mr. Bakewell discusses three separate evaluation

methods: ███████████████████████████████████ Ex. 1, Bakewell

ABB Report at ¶ 210.  In his ████████ Mr. Bakewell disagrees with Dr. Mangum's

assertion that the patents-in-suit are critical to providing VoIP services, and states that he assigned

value to ██████████████████████ *Id.* at ¶ 217.  Mr. Bakewell's

understanding of these technologies came from ██████████████████

████████████████ *Id.* at ¶ 217, n.465.  Mr. Bakewell further notes that the patents-

in-suit ██████████████████████████████████████

███████████████████████████████████████████████████████████████████

█████████████████████████ *Id.* at ¶¶ 219–223.  But beyond

recognizing their existence, Mr. Bakewell does not analyze the patents and technology he cites,

nor does he rely upon any technical analysis to show how these are comparable to the technology

disclosed in the patents-in-suit, nor does he point to any evidence that the inventions claimed in

these patents have been used or paid for by anyone.

---

[8] Ex. 2, Bakewell Mediacom Report at ¶¶ 170–72; Ex. 3, Bakewell WideOpenWest Report at ¶¶ 171–72; Ex. 4, RCN Report at ¶¶ 169–70.
[9] Ex. 2, Bakewell Mediacom Report at ¶ 170; Ex. 3, Bakewell WideOpenWest Report at ¶ 171; Ex. 4, Bakewell RCN Report at ¶ 169.

In his reasonable royalty analysis for the second *Georgia-Pacific* factor, Mr. Bakewell concludes that ██████████████████████████████████████████████ *Id.* at ¶ 413. ██████████████ ██████████████████████████████████████████████████████████ █████████ *Id.* at ¶ 386, Ex. 11.[10]  Still, he opines that ████████████████████████████ ████████████████████████████████████████████████ *Id.*[11]  But Mr. Bakewell elsewhere acknowledges that ████████████████████████████████████████ ██████████████████████████████████████████ *Id.* at ¶ 206.[12]

## V. **ARGUMENT**

Experts in patent cases may testify only if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702(a)–(d).  "[U]nder the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

"The party offering the expert testimony bears the burden of proving admissibility." *Daubert*, 509 U.S. at 592. "The expert must explain how and why he or she has reached the conclusion being proffered and must have as a basis more than a subjective belief or speculation."

---

[10]  Ex. 2, Bakewell Mediacom Report at ¶ 384; Ex. 3, Bakewell WideOpenWest Report at ¶ 385; Ex. 4, Bakewell RCN Report at ¶ 383.

[11]  Ex. 2, Bakewell Mediacom Report at ¶ 384; Ex. 3, Bakewell WideOpenWest Report at ¶ 385; Ex. 4, Bakewell RCN Report at ¶ 383.

[12]  Ex. 2, Bakewell Mediacom Report at ¶ 204; Ex. 3, Bakewell WideOpenWest Report at ¶ 205; Ex. 4, Bakewell RCN Report at ¶ 203.

*Cryovac Inc. v. Pechiney Plastic Packaging, Inc.*, 430 F. Supp. 2d 346, 362 (D. Del. 2006). The "test of admissibility" is whether an expert's "opinion is based on valid reasoning and reliable methodology." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 145–46 (3d Cir. 2000).

### A.   Mr. Bakewell Did Not Disclose Any Calculations Supporting His Royalty Conclusion, and It Should Be Excluded As "Plucked Out Of Nowhere"

Mr. Bakewell concludes that a reasonable royalty for Sprint's "Christie Patents" is █████ ████████████████████ but does not provide any calculation resulting in that rate to allow Sprint or the jury to re-create, test, or even begin to understand that conclusion.  Ex. 1, Bakewell ABB Report at ¶ 407.[13]  As such, this conclusion appears to be "plucked . . . out of nowhere" and should be excluded.  *See Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Group, LLC*, 879 F.3d 1332, 1351 (Fed. Cir. 2018) (reversing failure to exclude damages opinion).

Mr. Bakewell nowhere explains how any combination of numbers in his report supports the █████████ he opines on, and this cannot be gleaned from his report.  Mr. Bakewell presents a chart of ████████████████████ but none of those ███████ equals █████, which is also not the average of any discernable combination of these "data points." Ex. 1, Bakewell ABB Report at ¶ 402.[14]  Mr. Bakewell next suggests one more calculation that ████████████ ████████████████████████████ but there is still no apparent way to combine this with any of Mr. Bakewell's ███████████ to result in █████. *Id.* at ¶ 406.[15] Mr. Bakewell nonetheless then provides a one-sentence paragraph with the following conclusory statement: ████████████████████████████████

---

[13] Ex. 2, Bakewell Mediacom Report at ¶ 405; Ex. 3, Bakewell WideOpenWest Report at ¶ 406; Ex. 4, Bakewell RCN Report at ¶ 404.

[14] Ex. 2, Bakewell Mediacom Report at ¶ 400; Ex. 3, Bakewell WideOpenWest Report at ¶ 401; Ex. 4, Bakewell RCN Report at ¶ 399.

[15] Ex. 2, Bakewell Mediacom Report at ¶ 404; Ex. 3, Bakewell WideOpenWest Report at ¶ 405; Ex. 4, Bakewell RCN Report at ¶ 403.

███████████████████████████████████████████████████████████ *Id.*

at ¶ 407.[16]   That sentence cites only to ██████████████, which still provides no

explanation of how he calculated his royalty, but confusingly applies a ████ royalty, for which he

merely cites back to ██████████████ *Id.* at Exhibit 1.[17]

Other than a restatement of this conclusion, *id.* at 480, the number ████ does not appear

anywhere else in Mr. Bakewell's report, except that he calculates ████ as an ███████████████

███████████████████ *Id.* at ¶ 296.[18]   But that is not a number he even includes

in his chart of ███████████ and in any event he never claims that this one calculation on

its own would be an appropriate royalty rate in this case, or explains why that might be. Ex. 1,

Bakewell ABB Report at ¶ 402.[19]   In short, there is no explanation or calculation from which

Sprint, the Court, or the jury could evaluate the methodology or probative value of the rate he

declares is the proper ███████████ for the asserted "Christie Patents."

The Federal Circuit has repeatedly warned against expert testimony that, beyond being

divorced from the evidence in the case, appears to be "plucked … out of nowhere." *Exmark*, 879

F.3d at 1351.   In fact, the Federal Circuit held that it was reversible error to allow such expert

opinion. *Id.*   In *Exmark*, the Federal Circuit was "troubled by the expert's analysis because, even

assuming she properly considered this record evidence, she failed to explain how the evidence

---

[16] Ex. 2, Bakewell Mediacom Report at ¶ 405; Ex. 3, Bakewell WideOpenWest Report at ¶ 406; Ex. 4, Bakewell RCN Report at ¶ 404.
[17] In three other places in Mr. Bakewell's report, he confusingly suggests his royalty determination is ████, to which all of these same arguments would equally apply. *Id.* at ¶ 15, ¶ 409 n. 855, ¶ 481 n. 955.   *See also* Ex. 2, Bakewell Mediacom Report at ¶ 15, 407 n. 847, 480 n. 951; Ex. 3, Bakewell WideOpenWest Report at ¶ 15, 408 n. 847, 481 n. 950; Ex. 4, Bakewell RCN Report at ¶ 15, 406 n. 859, 485 n. 973.
[18] Ex. 2, Bakewell Mediacom Report at ¶ 294; Ex. 3, Bakewell WideOpenWest Report at ¶ 295; Ex. 4, Bakewell RCN Report at ¶ 293.
[19] Ex. 2, Bakewell Mediacom Report at ¶ 400; Ex. 3, Bakewell WideOpenWest Report at ¶ 401; Ex. 4, Bakewell RCN Report at ¶ 399.

factored into the proposed royalty rate," and "merely addressed the Georgia–Pacific factors in light of the facts and then plucked the 5% royalty rate out of nowhere." *Id.* The Federal Circuit went on to hold that the district court erred by allowing this opinion, and abused its discretion when it denied the defendant a new trial on damages "based on inadmissible evidence." *Id.*

Another such case is *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51 (Fed. Cir. 2012). There, the Federal Circuit observed that the royalty rate "appears to have been plucked out of thin air based on vague qualitative notions of the relative importance of the [relevant] technology." *LaserDynamics*, 694 F.3d at 69. It agreed with the district court that the expert had "offer[ed] no credible economic analysis to support that conclusion." *Id.* Finally, it held that the "complete lack of economic analysis to quantitatively support the one-third apportionment echoes the kind of arbitrariness of the '25% Rule' that we recently and emphatically rejected from damages experts, and would alone justify excluding [the expert's] opinions in the first trial." *Id.*

In *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10 (Fed. Cir. 2012), the Federal Circuit relied on similar grounds to vacate a damages award and remand for a new damages trial. There the Federal Circuit concluded the trial court abused its discretion by failing to grant a new trial on damages, and held that "simple recitation of royalty numbers that happen to be in the ballpark of the jury's award will not support the jury's award when no analysis is offered to the jury which would allow them to evaluate the probative value of those numbers." *Whitserve*, 694 F. 3d at 32–33.

This Court should exclude Mr. Bakewell's ████ conclusion for the same reasons set forth in *Exmark*, *LaserDynamics*, and *Whitserve*. Mr. Bakewell offers no explanation, no calculation, and no methodology from which any fact finder could fairly evaluate the credibility or soundness of his opinion. The ████ number simply appears in a paragraph as a conclusion in his report. His

rate is "plucked from nowhere," and certainly not "the product of reliable principles and methods," or any discernable method at all.  This deficiency dooms Mr. Bakewell's opinion because it goes to admissibility, not weight.  It cannot be cured by cross-examination because it is nothing more than a black box opinion pulled from nowhere.  *See Netfuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-cv-02352-EJD, 2020 WL 1274985, *7 (N.D. Cal. 2020) (where an expert's opinion was "an impermissible black box without 'sound economic and factual predicates,'" cross-examination "cannot cure the deficiencies").  In other words, Mr. Bakewell's report, despite being around ███ ███████ does not even provide a fair place to start for examining his ██████ conclusion.  Sprint respectfully submits that the Court should exclude this unsupported conclusion with undisclosed predicates.

These same arguments apply with at least equal force to Mr. Bakewell's conclusion that ██ ██████████████████████████████████████████████████████████████████████ ███████ Ex. 1, Bakewell ABB Report at ¶ 409.[20]  That number appears only in conclusory statements of what the royalty should be, without any discussion of how it is calculated other than that Mr. Bakewell concludes ██████████████████████████████████ *Id.*  For the same reasons discussed as to the unexplained and unsupported ██████ royalty for the Christie Patents, the Court should also exclude Mr. Bakewell's conclusion on this ████ rate.

### B.    The Court Should Exclude Mr. Bakewell's Opinions ██████████ ██████████████████████████████

Mr. Bakewell's reports claim that ████████████████████████████████ ████████████████████████████████████████████████████

---

[20] Ex. 2, Bakewell Mediacom Report at ¶ 407; Ex. 3, Bakewell WideOpenWest Report at ¶ 408; Ex. 4, Bakewell RCN Report at ¶ 406.

████████████████████████████████████████████ *Id.* at ¶ 172.[21]  Further,

based solely on ████████████████████████████████████████████

██████████████████████████, he opines that ███████████████████

████████████████████████ *Id.* This court has previously rejected an

expert opinion assuming that a product was an acceptable non-infringing alternative based solely

on the lack of accusation of infringement.  In *Acceleration Bay*, this court found "there is no

evidence or expert opinion in the record to support a conclusion that earlier versions of the game

are non-infringing. The fact that a party does not accuse an earlier version of a game is not an

admission that the earlier version is non-infringing."  *Acceleration Bay*, 2019 WL 4194060, at *5.

The facts of this case are no different.  Mr. Bakewell opines that, ███████████

████████████████████████████████████████████████████

█████████████████ Bakewell ABB Rep. at ¶ 171.[22]  He opines that ████████████████

████████████████████████████████████████████ *Id.* at ¶ 172.[23]  But

there is no evidence in the record that any third party service has been found to be non-infringing,

and Mr. Bakewell does not cite to the conclusion of any technical expert that assesses this issue.

Mr. Bakewell's opinions are therefore contrary to law.  Merely because Sprint has not chosen to

accuse a third party of infringement does not mean that the services offered by that third party do

not infringe Sprint's patents; if that were true, TWC could not have infringed Sprint's patents

---

[21] Ex. 1, Bakewell ABB Report at ¶ 172; Ex. 2, Bakewell Mediacom Report at ¶ 170; Ex. 3, Bakewell WideOpenWest Report at ¶ 171; Ex. 4, Bakewell RCN Report at ¶ 169.
[22] Ex. 1, Bakewell ABB Report at ¶ 171; Ex. 2, Bakewell Mediacom Report at ¶ 169; Ex. 3, Bakewell WideOpenWest Report at ¶ 170; Ex. 4, Bakewell RCN Report at ¶ 168.
[23] Ex. 1, Bakewell ABB Report at ¶ 172; Ex. 2, Bakewell Mediacom Report at ¶ 170; Ex. 3, Bakewell WideOpenWest Report at ¶ 171; Ex. 4, Bakewell RCN Report at ¶ 169.

because Sprint had earlier sued Vonage and several other defendants before it sued TWC. Mr. Bakewell's assumption to the contrary should be excluded.

### C. Dr. Bakewell's Reliance on Other VoIP Patents and Technology and Non-Comparable Licenses Should Be Excluded

Mr. Bakewell's reports ████████████████████████████████████ ██████████████████████, without pointing to any evidence that a technical expert has assessed their comparability to the patents asserted here, or that anyone has ever used or paid for the technology in these patents. The Court should exclude these unhelpful references with no proper connection to the facts of this case. When conducting a damages analysis, "alleging a loose or vague comparability between different technologies or licenses does not suffice." *Laser Dynamics*, 694 F.3d at 79. Additionally, "the Federal Circuit has consistently explained that proof of damages must be carefully tied to the claimed invention itself." *M2M Sols. LLC v. Motorola Sols., Inc.*, No. 12-33-RGA, 2016 WL 767900, at *2 (D. Del. Feb. 26, 2016) (internal quotations omitted).

### i. Mr. Bakewell's "Say-So" Conclusions Regarding the Relevancy of Other VoIP Patents and Technologies Is Unreliable

Mr. Bakewell's identification of other patents and technology related to VoIP fails to reliably demonstrate that those patents and technology are closely tied to the technology at issue in this case. Other than concluding that ██████████████████████████████ ████, Mr. Bakewell does not offer any evidence or analyses regarding the incremental economic value of the other patents and technologies. Glaringly absent from Mr. Bakewell's analysis is any review of the other patents and technologies to show they are so related, and the only support provided for these conclusions are repeated references to an off-the-record conversation with defendants' technical expert. Indeed, a complete review of the record demonstrates that there is no evidence of any of the defendants, let alone anybody else, using or paying anything for other

patents related to providing VoIP.  Mr. Bakewell's "say-so" that these other VoIP patents and technologies are relevant to the value of the patents-in-suit is precisely the type of analysis this Court has excluded as unreliable and irrelevant.  *See M2M Sols.*, 2016 WL 767900, at *3–4.

### ii.   Mr. Bakewell's Opinions Depending On Non-Comparable Licenses Should Be Excluded



Mr. Bakewell freely admits that ██████████████████████████████████ ██████████████████████████████ Ex. 1, Bakewell ABB Report at ¶ 386.[24]  But, he relies upon these non-comparable agreements to opine that ████████████████████████ ████████████████████ *Id.*[25]  Mr. Bakewell's conclusion is contrary to Federal Circuit precedent that requires "account[ing] for the technological and economic differences between those licenses and the [claimed invention]."  *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 873 (Fed. Cir. 2010).  For example, for Atlantic Broadband, Mr. Bakewell simply ███████ ████████████████████████████████████████████████████ *See* Ex. 1, Bakewell ABB Report at ¶ 386, Ex. 11.[26]

Mr. Bakewell does not perform any technical or economic comparability analysis for these agreements, and provides no further information about these agreements beyond the basic characteristics shown in ███████.  And Mr. Bakewell elsewhere explains that ████████████ ████████████████████████████████████████████████████████

---

[24]  Ex. 2, Bakewell Mediacom Report at ¶ 384; Ex. 3, Bakewell WideOpenWest Report at ¶ 385; Ex. 4, Bakewell RCN Report at ¶ 383.
[25]  Ex. 2, Bakewell Mediacom Report at ¶ 384; Ex. 3, Bakewell WideOpenWest Report at ¶ 385; Ex. 4, Bakewell RCN Report at ¶ 383.
[26]  Ex. 2, Bakewell Mediacom Report at ¶ 384, Ex. 11 (███████████████████ ███████████████); Ex. 3, Bakewell WideOpenWest Report at ¶ 385, Ex. 11 (███████████████); Ex. 4, Bakewell RCN Report at ¶ 383, Ex. 10 (████████ ████████).

█████  *Id.* at ¶ 206.[27] This shows there is no justification whatsoever for mentioning these agreements to patents that are admittedly not comparable to the license from a hypothetical negotiation in this case.  Accordingly, any conclusions based upon these agreements are unreliable and should be excluded.  *See TC Tech. LLC v. Sprint Corp.*, No. 16-cv-153-RGA, 2019 WL 2515779, at **14–15 (D. Del. July 18, 2019) (excluding expert damages opinions regarding prior settlement agreements because they were not tied to the case's relevant facts and circumstances).

## VI. CONCLUSION

Because Mr. Bakewell's opinions fail to satisfy the standards outlined in Fed. R. Evid. 702, Sprint respectfully requests that the Court exclude the opinions and testimony discussed herein.

POLSINELLI PC

*/s/ Stephen J. Kraftschik*
Stephen J. Kraftschik (#5623)
Christina B. Vavala (#6135)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
cvavala@polsinelli.com

*Attorneys for Plaintiff Sprint
Communications Company L.P.*

OF COUNSEL:

B. Trent Webb
Ryan J. Schletzbaum
Ryan D. Dykal
John D. Garretson
Jordan T. Bergsten
Aaron E. Hankel
Lauren E. Douville
Mark D. Schafer
Maxwell C. McGraw
Samuel J. LaRoque
Thomas M. Patton
Lydia C. Raw
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

Robert H. Reckers

[27] Ex. 2, Bakewell Mediacom Report at ¶ 204; Ex. 3, Bakewell WideOpenWest Report at ¶ 205; Ex. 4, Bakewell RCN Report at ¶ 203.

Michael W. Gray
Jonathan M. Hernandez
SHOOK, HARDY & BACON L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002
(713) 227-8008

June 12, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 25, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 25, 2020, upon the following in the manner indicated:

Steven J. Balick                                                                               *BY ELECTRONIC MAIL*
Andrew C. Mayo
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
*Attorneys for Defendants Mediacom*
*Communications Corporation, Atlantic*
*Broadband Finance, LLC, Atlantic Broadband*
*(CT), LLC, Atlantic Broadband (Delmar), LLC,*
*Atlantic Broadband (Miami), LLC, Atlantic*
*Broadband (NH-ME), LLC, Atlantic Broadband*
*(Penn), LLC, Atlantic Broadband (SC), LLC,*
*WideOpenWest, Inc., WideOpenWest Networks,*
*Inc., WideOpenWest Finance, LLC,*
*WideOpenWest Georgia, LLC, Knology of*
*Alabama, Inc., Knology of Florida, LLC, Knology*
*of Georgia, Inc., Knology of South Carolina, Inc.,*
*Knology of Tennessee, Inc., Knology of Kansas,*
*Inc., Anne Arundel Broadband, LLC, Grande*
*Communications Networks, LLC, RCN Telcom*
*Services, LLC, WaveDivision Holdings, LLC, and*
*Radiate Holdings, L.P.*

Robinson Vu
Natalie Alfaro Gonzales
Lindsay Volpenhein Cutie
Amy E. Bergeron
Charles Stephen Maule
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1234

*Attorneys for Defendants Mediacom Communications Corporation, Atlantic Broadband Finance, LLC, Atlantic Broadband (CT), LLC, Atlantic Broadband (Delmar), LLC, Atlantic Broadband (Miami), LLC, Atlantic Broadband (NH-ME), LLC, Atlantic Broadband (Penn), LLC, Atlantic Broadband (SC), LLC, WideOpenWest, Inc., WideOpenWest Networks, Inc., WideOpenWest Finance, LLC, WideOpenWest Georgia, LLC, Knology of Alabama, Inc., Knology of Florida, LLC, Knology of Georgia, Inc., Knology of South Carolina, Inc., Knology of Tennessee, Inc., Knology of Kansas, Inc., Anne Arundel Broadband, LLC, Grande Communications Networks, LLC, RCN Telcom Services, LLC, WaveDivision Holdings, LLC, and Radiate Holdings, L.P.*

*BY ELECTRONIC MAIL*

2

Timothy S. Durst                                    *BY ELECTRONIC MAIL*
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980
(214) 953-6500
*Attorneys for Defendants Mediacom*
*Communications Corporation, Atlantic*
*Broadband Finance, LLC, Atlantic Broadband*
*(CT), LLC, Atlantic Broadband (Delmar), LLC,*
*Atlantic Broadband (Miami), LLC, Atlantic*
*Broadband (NH-ME), LLC, Atlantic Broadband*
*(Penn), LLC, Atlantic Broadband (SC), LLC,*
*WideOpenWest, Inc., WideOpenWest Networks,*
*Inc., WideOpenWest Finance, LLC,*
*WideOpenWest Georgia, LLC, Knology of*
*Alabama, Inc., Knology of Florida, LLC, Knology*
*of Georgia, Inc., Knology of South Carolina, Inc.,*
*Knology of Tennessee, Inc., Knology of Kansas,*
*Inc., Anne Arundel Broadband, LLC, Grande*
*Communications Networks, LLC, RCN Telcom*
*Services, LLC, WaveDivision Holdings, LLC, and*
*Radiate Holdings, L.P.*

                                        */s/ Stephen J. Kraftschik*
                                        _____
                                        Stephen J. Kraftschik (#5623)