IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff, <br><br> v. <br><br> MEDIACOM COMMUNICATIONS CORP., <br><br> Defendant. <br><br> MEDIACOM COMMUNICATIONS CORP., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> METASWITCH NETWORKS LTD. and METASWITCH NETWORKS CORP., <br><br> Third-Party Defendants. | Civil Action No. 17-cv-1736-RGA |

MEMORANDUM OPINION

Andrew C. Mayo, Steven J. Balick, ASHBY & GEDDES, Wilmington, DE; Robinson Vu, Natalie Alfaro Gonzales, Lindsay Volpenhein Cutie, Amy Bergeron, BAKER BOTTS L.L.P., Houston, TX; Timothy S. Durst, BAKER BOTTS L.L.P., Dallas, TX, Attorneys for Defendant.

Richard L. Renck, Oderah C. Nwaeze, DUANE MORRIS LLP, Wilmington, DE; Matthew C. Gaudet, DUANE MORRIS LLP, Atlanta, GA; John M. Baird, DUANE MORRIS LLP, Washington, DC, Attorneys for Third-Party Defendants.

September 18, 2020

1

/s/ Richard G. Andrews
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me is the Report & Recommendation ("Report") of a United States Magistrate Judge. (D.I. 284). It addresses the motion to dismiss Mediacom's third-party complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. The motion to dismiss was filed by third-party defendants Metaswitch Networks Ltd. ("Metaswitch UK") and Metaswitch Networks Corp. ("Metaswitch US") (collectively, "Third-Party Defendants"). (D.I. 159). Metaswitch UK filed partial objections to the Report. (D.I. 289). Mediacom responded to the objections. (D.I. 297). The Report is comprehensive, and I will adopt the factual findings and legal conclusions in the Report. I do not separately recite any of them except as I think necessary to explain my decision.

## I.     LEGAL STANDARD

Magistrate Judges have the authority to make recommendations as to the appropriate resolution of a motion to dismiss pursuant to 28 U.S.C. § 636(b)(1)(B). In the event of an objection, this Court reviews the objected-to determinations *de novo*.

### A. Fed. R. Civ. P. 12(b)(2)

When reviewing a motion to dismiss pursuant to Rule 12(b)(2), "the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Turner v. Prince George's County Public Schools*, 694 F. App'x 64, 66 (3d Cir. 2017). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

To establish personal jurisdiction, a plaintiff must demonstrate facts sufficient to satisfy both statutory and constitutional requirements. For the statutory analysis, the court analyzes the Delaware long-arm statute. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). For the constitutional analysis, the court determines whether exercising jurisdiction over the moving defendant in Delaware comports with the due process clause of the United States Constitution. *See id.* A Delaware court may exercise personal jurisdiction over a defendant when the defendant or its agent contracts to supply services or things in Delaware. 10 Del. C. § 3104(c)(2). This subsection of the Delaware long-arm statute invokes specific jurisdiction. *Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 622 (D. Del. 2015). If a defendant is found to be within the reach of the long-arm statute, the court must analyze whether the exercise of personal jurisdiction comports with due process by determining whether the plaintiff has demonstrated that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," so that it should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). For the court to exercise specific personal jurisdiction consistent with due process, a plaintiff's cause of action must have arisen from the defendant's activities in the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

## II.     DISCUSSION

Third-Party Defendants moved to dismiss Mediacom's Third-Party Complaint against them, arguing that (1) this Court lacks jurisdiction over Metaswitch UK and (2) Metaswitch US was not a party to the Hardware Purchase and Software License Agreement or "HPSLA" between Mediacom and Metaswitch UK and does not owe indemnification obligations to Mediacom. *See* D.I. 159-161, 185.

The Magistrate Judge recommends that this Court dismiss Mediacom's claims against Metaswitch US while finding that this Court has jurisdiction to hear the claims against Metaswitch UK. No one objects to the first part of the recommendation. I will accept the Magistrate Judge's recommendation and dismiss Mediacom's claims against Metaswitch US.

### A. Specific Jurisdiction Under the Delaware Long-Arm Statute

Metaswitch UK objects to the recommendation that the District of Delaware has jurisdiction over it in this action. Metaswitch UK argues that the contract between Mediacom and Metaswitch UK "does not contemplate that any of the parties to that agreement would satisfy their obligations in Delaware," and thus that there is no support for the conclusion that there is personal jurisdiction over Metaswitch UK. (D.I. 289 at 5).

Metaswitch UK's argument is at odds with the language of the HPSLA, whereby Metaswitch UK agreed to indemnify and defend Mediacom – which is a Delaware corporation – whereever it is sued. (D.I. 161, Ex. A at § 12.2).[1] Accordingly, the Magistrate Judge correctly recommended that by agreeing to "defend and indemnify Mediacom against any infringement actions brought against Mediacom involving the products or services provided by Metaswitch UK under the HPSLA," Metaswitch UK contracted to supply services in Delaware and submitted itself to specific jurisdiction in Delaware under § 3104(c)(2). (D.I. 284 at 9). As the Magistrate Judge noted, while Metaswitch UK's contract with Mediacom does not in and of itself subject Metaswitch UK to personal jurisdiction in this court under the long-arm statute, Metaswitch UK's obligation to defend Mediacom in Delaware does support this Court's exercise of specific jurisdiction over Metaswitch UK. The forum selection clause in Section 12 of the HPSLA does

---

[1] The provision is a broad indemnification promise with limited exceptions. None of the limited exceptions are related to venue.

not limit the forum in which Metaswitch UK will defend and indemnify Mediacom to New York.[2] Rather, Metaswitch UK agreed to indemnify and defend Mediacom regardless of where it is sued. Therefore, I agree with the Magistrate Judge that while the HPSLA does not specify that "Metaswitch UK will indemnify Mediacom in Delaware, litigation against Mediacom in Delaware was reasonably foreseeable due to Mediacom's incorporation in Delaware." (*Id.* at 10).

In its objections, Metaswitch UK asserts a new argument[3] that the duty to defend is "at most, the duty to fund a defense." (D.I. 289 at 3; *see* D.I. 297 at 7). I do not think this distinction makes a difference. In *Allen Organ Co. v. Elka S.p.A.*, 615 F. Supp. 328, 330 (E.D. Pa. 1985), relied upon by the Magistrate Judge, the Court recognized that an indemnitor who agreed to an obligation to defend and indemnify an indemnitee in an infringement action "must certainly expect to be sued" wherever the indemnitee is subject to personal jurisdiction. *Id.* at 329.

Metaswitch UK cites to *Seiden v. Schwartz, Levitsky, & Feldman LLP*, 2018 WL 5818540 (D. Del. Nov. 7, 2018), to support its objections. That case is distinguishable. There the plaintiff argued that a non-resident party's contacts with a Delaware company to provide audit services was sufficient to subject the non-resident party to personal jurisdiction in Delaware. 2018 WL 5818540, at *5. The Court rejected the plaintiff's argument and declined to find that personal jurisdiction existed over a non-resident based solely on "its contracting with an entity that is incorporated in this state." *Id.* Here, Mediacom is incorporated in Delaware and

---

[2] As the Magistrate Judge implied (D.I. 284 at 10 n.4), this Court can apply New York law in accordance with § 26.1 of the HPSLA.

[3] I did review Metaswitch UK's two earlier briefs (D.I. 160 & 185) specifically looking to see whether this argument was raised before, and it was not. It is improper to object to the Report based on arguments raised for the first time. *See Bukovinsky v. Pennsylvania*, 455 F. App'x 163, 165-66 (3d Cir. 2011)(citing a Tenth Circuit case stating such objections are waived); D. Del. Standing Order for Objections Filed Under Fed. R. Civ. P. 72 at ¶ 5 (Oct. 8, 2013). Nonetheless, I address this argument.

Metaswitch UK agreed to indemnify Mediacom, and, thus, on the surface, this case is like *Seiden*. The difference between the two is that here there is an ongoing contractual obligation on the part of the non-resident party to perform certain types of obligations, and the place for performance has turned out to be Delaware. In *Seiden*, there was no obligation to perform any act in Delaware.

In sum, the Magistrate Judge correctly concluded that this Court has specific jurisdiction over Metaswitch UK under section (c)(2) of Delaware's long-arm statute, based on Metaswitch UK's agreement and obligation to defend and indemnify Mediacom in Delaware.

### B. Due Process

The exercise of specific jurisdiction over Metaswitch UK comports with due process. The Magistrate Judge found, "By contracting with Mediacom, a Delaware corporation, to indemnify the company for infringement claims involving its products, Metaswitch UK 'purposefully avail[ed] itself of the privilege of conducting activities within [Delaware],'" and "could reasonably foresee being haled into court in Delaware." (D.I. 284 at 12). Metaswitch UK contends that in making this recommendation, the Report "[d]eviat[es] from the relevant case law." (D.I. 289 at 8). But Metaswitch UK offers little in support of this contention.

The Report addresses the foreseeability of Metaswitch UK being haled into court in Delaware, relying on *Allen Organ* and *Enzo Life Scis., Inc. v. Hologic Inc.*, 2018 WL 4660355 (D. Del. Sept. 26, 2018). (D.I. 284 at 10, 12). The Magistrate Judge correctly recognized that *Enzo* is instructive here because, along with *Allen Organ*, it recognizes that an obligation to defend is relevant to the determination of whether a defendant has "purposefully availed" itself of the privilege of conducting activities within Delaware. *See Enzo*, 2018 WL 4660355 at *5 & n.8. Metaswitch UK does not offer any legal authority supporting its argument that an obligation

to defend Mediacom in Delaware is insufficient to subject Metaswitch UK to jurisdiction in Delaware.

For the foregoing reasons, the exercise of specific jurisdiction over Metaswitch UK comports with due process.

I overrule Metaswitch UK's objections to the Report.

### III.     CONCLUSION

For the reasons discussed above, I will adopt the Magistrate Judge's Report, deny the Third-Party Defendants' Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, and grant the Third-Party Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim. An accompanying order will be entered.