IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-1736-RGA |
| MEDIACOM COMMUNICATIONS CORP., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-361-RGA |
| WIDEOPENWEST, INC., et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-362-RGA |
| ATLANTIC BROADBAND FINANCE, LLC, et al., | : | |
| Defendants. | : | |

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    Civil Action No. 18-363-RGA <br> : |
| GRANDE COMMUNICATIONS NETWORK, LLC, et al., | : <br> : <br> : |
| Defendants. | : |

**MEMORANDUM ORDER**

Sprint filed a motion for partial summary judgment on equitable issues. (No. 17-1736, D.I. 308; No. 18-361, D.I. 256; No. 18-362, D.I. 278; No. 18-363, D.I. 253).[1] Sprint raises fifteen issues in eighteen pages of argument. But Sprint summarizes the arguments as being threefold. First, Mediacom's express license defense fails because Mediacom did not satisfy the preconditions to the license. (D.I. 309 at 2-4, 9-12; D.I. 350; D.I. 383 at 4 n.2). This argument does not actually involve an equitable issue. In any event, Mediacom said nothing about it in the answering brief, and thus I treat the motion as unopposed. Second, no Defendant can establish equitable estoppel. Third, Sprint has not acquiesced to or waived its patent rights. The issues are fully briefed. (D.I. 309, 350, 383). Defendants' response to the second and third issues is that there are material factual disputes.

I am not the first district judge to address the summary judgment worthiness of these issues in regard to Sprint's assertion of some of the patents-in-suit. At summary judgment in the Kansas litigation, the Court denied Sprint summary judgment (against different defendants) on equitable estoppel, acquiescence and waiver, and implied license by equitable estoppel. *Sprint*

---

[1] Unless otherwise indicated, all subsequent citations are to the docket in 17-1736.

*Comm'ns Co. v. Comcast Cable Comm'ns LLC*, 2016 WL 7052055, *12-16, 22-24 (D. Kan. Dec. 5, 2016). After trial, the Court granted Sprint judgment on these same defenses. *Sprint Comm'ns Co. v. Time Warner Cable, Inc.*, 2017 WL 978107 (D. Kan. Mar. 14, 2017), *aff'd*, 760 F. App'x 977 (Fed. Cir.), *cert. den.*, 140 S. Ct. 467 (2019).

Defendants rely upon the first decision, Sprint the second. As I am at the same stage of the case as the first decision, it is the more persuasive, and I agree that I generally should not grant summary judgment. Equitable issues are fact intensive. The record is not clear, for the most part, that I should grant Sprint's motion.

Neither side disputes the accuracy of the Kansas Court's summary of the relevant law.

For all four defenses, the burden of proof is a preponderance of the evidence. For equitable estoppel, Defendant must prove: "(1) the patentee, through misleading conduct (or silence), leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer; (2) the alleged infringer relies on that conduct; and (3) the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim." *2016 Kansas Decision*, at *12. For implied license by equitable estoppel, Defendant must prove: "(1) the patentee, through statements or conduct, gave an affirmative grant of consent or permission to make, use, or sell to the alleged infringer; (2) the alleged infringer relied on that statement or conduct; and (3) the alleged infringer would, therefore, be materially prejudiced if the patentee is allowed to proceed with its claim."[2] *Id*. at *22. For acquiescence, the alleged infringer must show that the patentee "made an affirmative grant of consent or permission" to the alleged infringer's conduct. *Microsoft Corp. v. Corel Corp.*, 2017 WL 6513639, *2 (N.D. Cal. Dec. 11, 2017); *see 2017 Kansas Decision*, at *11. For waiver, the

---

[2] It is not clear to me why implied license by equitable estoppel is not just a subset of equitable estoppel.

alleged infringer must show: "an existing right, knowledge of the right, [and] an actual intention to relinquish that right." *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 409 (D. Del. 2009); *see 2017 Kansas Decision,* at *10.

As to equitable estoppel and implied license by equitable estoppel, I think the long ago assertion of Sprint's patent rights combined with a decade's worth of inaction while Sprint interacted with Defendants and while Sprint knew what Defendants were doing to get VoIP services creates a disputed issue of material fact.[3] I also do not think Mediacom has waived its implied license by equitable estoppel defense. (*See* D.I. 309 at 9; D.I. 350 at 10-11; D.I. 383 at 4-5).

As to acquiescence and waiver, both of which, at least in the factual circumstances of this case, require more than equitable estoppel, I do not agree with Defendants that there is a disputed issue of material fact. As Sprint points out (D.I. 383 at 6, 8-9, 12, 16), Defendants offer nothing or next to nothing in support of those defenses, other than stating that the same facts—essentially, a long silence—that make out equitable estoppel also make out acquiescence and waiver. (D.I. 350 at 13 (Mediacom), 20 (WideOpenWest), 24 (Grande), 28 (Atlantic Broadband)). Silence is not enough for acquiescence and waiver.

Sprints motion for partial summary judgment on equitable issues (No. 17-1736, D.I. 308; No. 18-361, D.I. 256; No. 18-362, D.I. 278; No. 18-363, D.I. 253) is **GRANTED** as to Mediacom's express license defense and all Defendants' acquiescence and waiver defenses, and is otherwise **DENIED**.

---

[3] Mediacom seems to rely in part on Sprint's silence when Mediacom sent it a release in March 2017 (D.I. 350 at 6), but inasmuch as eight of the nine asserted patents expired in 2014 and the Enhanced Services Patent expired in 2016, I do not think silence in March 2017 has any probative value.

IT IS SO ORDERED this 16th day of March 2021.

                                                                              /s/ Richard G. Andrews
                                                                              United States District Judge