IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 17-1736-RGA |
| MEDIACOM COMMUNICATIONS CORP., | : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 18-361-RGA |
| WIDEOPENWEST, INC., et al., | : : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 18-362-RGA |
| ATLANTIC BROADBAND FINANCE, LLC, et al., | : : : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 18-363-RGA |
| GRANDE COMMUNICATIONS NETWORK, LLC, et al., | : : : : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Plaintiff Sprint filed a motion to exclude expert testimony of damages expert Christopher Bakewell.  (No. 17-1736, D.I. 314; No. 18-361, D.I. 262; No. 18-362, D.I. 284; No. 18-363, D.I. 259).[1]  The matter is fully briefed.  (D.I. 317, D.I. 351, D.I. 390).  Portions (about 15% of the text by Sprint; slightly more than 50% by Defendants) of Bakewell's Rebuttal Expert Report—the report at issue—are docketed.  (D.I. 319-1; D.I. 354-1).  The parties cite the Atlantic Broadband Finance Report as exemplary.[2]  I do not think Bakewell was deposed, as I do not see a notice of deposition on the docket and the parties do not cite deposition testimony in the briefs.

I address the three arguments in turn.

The first argument is that Bakewell's damages opinion for the "Christie Patents"[3] and the "Enhanced Services Patent" does not include sufficient calculations to show how he got to a reasonable royalty of 21 cents per month per subscriber for the Christie Patents and 1 cent per

---

[1] Unless otherwise indicated, all subsequent citations are only to the docket in No. 17-1736.
[2] For Atlantic Broadband, Bakewell's analysis is that a reasonable royalty for the Christie Patents is $490,000 and for the Enhanced Services Patent, $30,000, based on a rate of 21 cents for the former and 1 cent for the latter.  (D.I. 319-1, Ex. 1, ¶ 482).  The 1 cent is only for the time when the Christie Patents had expired.  It appears to have no impact during the time when the Christie Patents were in force.  For Mediacom, the reasonable royalty is $2,380,000.  (D.I. 319-1, Ex. 2, ¶ 481).  For WideOpenWest, $2,360,000.  (D.I. 319-1, Ex. 3, ¶ 482).  For Grande Networks, $1,270,000.  (D.I. 319-1, Ex. 4, ¶ 486).
[3] The "Christie Patents" are elsewhere in this litigation referred to as the "Call Control Patents" and the "Broadband Patents."

month per subscriber for the Enhanced Services Patent. (D.I. 317 at 3, 6-9). Defendants respond that Bakewell calculated a range of reasonable royalties of 18 – 44 cents using the income approach and 9 – 69 cents using the market approach; he then applied the *Georgia Pacific* factors, reaching a conclusion of a reasonable royalty of 20 cents for the Christie Patents and 1 cent for the Enhanced Services Patent.[4] (D.I. 351 at 2-5; 7-12). Defendants distinguish the Federal Circuit cases upon which Sprint relies as essentially involving discussion of *Georgia Pacific* factors followed by the announcement of a reasonable royalty rate.[5] In contrast, here Bakewell calculated numerical ranges (which are not challenged under *Daubert*) and which are massaged with *Georgia Pacific* before reaching a conclusion that is well within both of the calculated ranges. I think he has tied his economic analysis to the facts of this case. Some degree of approximation is inherent in any damages analysis. Thus, I think the first argument does not successfully challenge admissibility. Sprint will be able to challenge it with cross-examination and contrary evidence.

The second argument is that Bakewell assumed in his analysis that any VoIP service Sprint has not sued is a non-infringing alternative. (D.I. 317 at 3-4, 9-11). Defendants respond that there is documented technical analysis by their technical expert—Gilchrist—that other VoIP competitors offered non-infringing services. (D.I. 351 at 5-6, 11-15). Defendants' response goes on at some length about Sprint having the burden of proof on non-infringing alternatives in a lost

---

[4] The disagreement over whether the royalty rate for the Christie Patents is 20 or 21 cents is immaterial to the issues raised by the motion.

[5] I do not think Bakewell's analysis is analogous to the case in which an expert apparently testified at some length without any relevant quantitative analysis before concluding the royalty rate should be 5%. *See Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*, 87 F.3d 1332, 1349-51 (Fed. Cir. 2018). Nor do I think it is analogous to the "complete lack of economic analysis" in the second case (which arose in the context of the entire market value rule). *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 69 (Fed. Cir. 2012). The third case involved "multiple errors in [the expert's] royalty rate calculation." *See Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 29 (Fed. Cir. 2012). Sprint does not allege errors here. Rather, it alleges insufficient quantification of the various *Georgia Pacific* factors to what was quantified as a broad range of starting points, that is, 9 to 69 cents, where the upper end is nearly eight times the lower end.

profits analysis and about the evidence that Bakewell relies upon for his opinion on non-infringing alternatives. It does not actually defend using the fact that Sprint has not sued the various competitors as a proper basis for his opinion. Thus, I will exclude any testimony from Bakewell that Sprint has not sued Verizon, AT&T, Level 3, MCI, and Net2Phone, and any testimony that the fact that Sprint has not sued someone shows that the someone does not infringe Sprint's patents.

      The third argument is that Bakewell refers to non-Sprint "patents related to VoIP" without any documented technical expert's input as to their technical comparability, and uses technically non-comparable licenses to conclude that a reasonable royalty should be in the form of a lump sum. (D.I. 317 at 4-5, 11-13). Defendants respond that Bakewell relies upon the technical expert—Gilchrist—for the proposition that the technology for VoIP requires more than what is covered by the asserted Sprint patents. (D.I. 351 at 6, 15-16). There is evidence that Defendants' response is, at least partially, correct. Whether Bakewell's trial testimony might go outside his area of expertise and his reliance on Defendants' technical expert's opinions seems to be an issue more suitable for objection to specific questions at trial than a ruling at this time. As to the comparable licenses argument, Defendants do not appear to contest that they are not comparable, but says that Bakewell's use of them is limited to showing Sprint's preference for lump sum payments in license agreements.[6] (*Id.* at 6, 16-17). Neither side cites a case that addresses the issue of whether non-comparable licenses can be used as an input to the decision whether the royalty would be a running royalty or a lump sum. It makes sense that a business's practices relating to a preference for lump sum license agreements generally could be used to

---

[6] Thus, I do not expect Defendants to introduce the three agreements at issue into evidence, and I do not expect Bakewell to give any testimony about the amount of the lump sum, unless Sprint is the one that asks him directly for such information. Further, after reviewing Bakewell's report (D.I. 319-1, Ex. 1, ¶ 206), I wonder why Defendants need these agreements.

determine the structure of a license even if the practice had not been used previously for any comparable technology. Thus, I think the issue is one that goes to weight and not to admissibility.

Thus, the motion to exclude (No. 17-1736, D.I. 314; No. 18-361, D.I. 262; No. 18-362, D.I. 284; No. 18-363, D.I. 259) is **GRANTED** as to Bakewell's testimony concerning VoIP providers not sued by Sprint and otherwise **DENIED**.

IT IS SO ORDERED this 16th day of March 2021.

/s/ Richard G. Andrews
United States District Judge