# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 17-1736-RGA |
| v. | ) ) | **REDACTED PUBLIC VERSION** |
| MEDIACOM COMMUNICATIONS CORP., *Defendants* | ) ) ) ) | |

## MEDIACOM'S MOTION IN LIMINE #1

1

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | Reference to the outcome (including verdicts and settlement agreements) of prior or pending cases, including Sprint's litigation with any co-defendants and the Federal Circuit's decision in Time Warner. | 1 |
| II. | Unreliable and speculative documents and testimony regarding Sprint's capacity to offer wholesale VoIP services | 4 |
| III. | Evidence of Mediacom's total VoIP profits and revenues | 7 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
  C. A. No. 2:10-cv-248, 2011 WL 7036048 (E.D. Va. July 5, 2011) .........................................8

*AllScripts Healthcare, LLC v. Andor Health*,
  LLC, 1-21-cv-704-MAK, 2022 WL 3021560 (D. Del. July 29, 2022) .....................................5

*AVM Techs. LLC v. Intel Corp.*,
  No. 1-15-cv-00033-RGA, 2017 WL 2938191 (D. Del. Apr. 20, 2017) (Andrews, J.)..........2, 3

*Coleman Motor Co. v. Chrysler Corp.*,
  525 F.2d 1338 (3d Cir. 1975)....................................................................................................2

*Cordis Corp. v. Medtronic Vascular, Inc.*,
  No. 97-550, 2005 WL 885381 (D. Del. Feb. 28, 2005), *rev'd in part on other grounds sub
  nom. Cordis Corp. v. Medtronic Ave, Inc.*, 511 F.3d 1157 (Fed. Cir. 2008) .............................3

*Fedorczyk v. Caribbean Cruise Lines, Ltd.*,
  82 F.3d 69 (3d Cir. 1996)..........................................................................................................5

*Howard v. Offshore Liftboats, LLC*,
  No. 13-4811, 2016 WL 316716 (E.D. La. Jan. 26, 2016).....................................................4, 5

*HSM Portfolio LLC v. Elpida Memory Inc.*,
  11-770-RGA, D.I. 1220 (D. Del. Feb. 17, 2016) (Andrews J.) ................................................2

*HTC Corp. v. Ericsson*,
  6:18-CV-00243-JRG, D.I. 447 (E.D. Tex. Feb. 8, 2019) .........................................................3

*HTC Corp. v. Tech. Properties Ltd.*,
  5:08-CV-00882-PSG, 2013 WL 4782598 (N.D. Cal. Sept. 6, 2013) .......................................8

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
  No. 2:12–cv–525, 2015 WL 1518099 (E.D. Va. Mar. 31, 2015) .............................................8

*Inventio AG v. Thyssenkrupp Elevator Corp.*,
  C. A. No. 08–874–RGA, 2014 WL 554853 (D. Del. Feb. 6, 2014) .........................................8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  1-18-cv-00452, D.I. 534 (D. Del. Jun. 27, 2022)......................................................................1

*Kennedy v. Adamo*,
   No. 1:02-CV-01776-ENV-RML, 2006 WL 3704784 (E.D.N.Y. Sept. 1, 2006), aff'd, 323 F.
   App'x 34 (2d Cir. 2009)..................................................................................................5

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   694 F.3d 51 (Fed. Cir. 2012)......................................................................................2, 7

*Lighting Ballast Control, LLC v. Philips Elecs. N. Am. Corp.*,
   C. A. No. 7:09–CV–29–O, 2011 WL 7575006 (N.D. Tex. June 10, 2011) ...............8

*Lucent Techs. Inc. v. Gateway, Inc.*,
   No. 02-2060, 2007 WL 1306539 (S.D. Cal. Apr. 30, 2007).........................................3

*Mass Engineered Design, Inc. v. SpaceCo Bus. Sols., Inc.*,
   16-CV-01904-RM-MJW, 2017 WL 4334075 (D. Colo. May 2, 2017)......................3

*Mobile Telecommunications Tech., LLC v. Sprint Nextel Corp., et al.*,
   No. 2:12–cv–832–JRG–RSP, 2014 WL 5816106 (E.D. Tex. Nov. 7, 2014) ............8

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*,
   CV 08-309-LPS, 2018 WL 5631531 (D. Del. Oct. 31, 2018) .....................................3

*Prism Techs. LLC v. Sprint Spectrum L.P.*,
   849 F.3d 1360 (Fed. Cir. 2017)......................................................................................2

*Sprint Communications Co., L.P. v. Time Warner Cable, Inc.*,
   760 Fed. App'x 977 (Fed. Cir. 2019), cert. denied, 140 S. Ct. 467 (2019) ...........1, 2

*TEK Global, S.R.L. v. Sealant Systems Int'l, Inc.*,
   920 F.3d 777 (Fed. Cir. 2019)........................................................................................6

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011)..................................................................................7, 8

*Versata Software, Inc. v. SAP Am., Inc.*,
   717 F.3d 1255 (Fed. Cir. 2013)......................................................................................7

*Viasat, Inc. v. Space Systems/Loral, Inc.*,
   No. 3:12-CV-00260-H (WVG), 2014 WL 3896073 (S.D. Cal. Aug. 8, 2014) .........6

*VirnetX Inc. v. Apple Inc.*,
   6:12-CV-855, 2016 WL 4063802 (E.D. Tex. Jul. 29, 2016) .......................................3

*XpertUniverse Inc. v. Cisco Sys. Inc.*,
   1-09-cv-00157-RGA, D.I. 608 (D. Del. Feb. 28, 2013) ..............................................6

**OTHER AUTHORITIES**

Rule 402 .................................................................................................................................1

Rule 403 ................................................................................................................................1, 2, 3, 8

**I.      Reference to the outcome (including verdicts and settlement agreements) of prior or pending cases, including Sprint's litigation with any co-defendants and the Federal Circuit's decision in Time Warner.**

This Court has already granted Mediacom's *Daubert* motion to exclude Sprint's damages expert Dr. Russell Mangum's reliance on Sprint's prior jury verdicts and settlement agreements. D.I. 469 at 16-21. Undeterred, Sprint still apparently intends to tell the jury about the outcomes of its other prior and pending cases[1] through other witnesses. *See, e.g.*, Ex. A, Sprint's Deposition Designations, Jerold Lambert at 85:18-86:10 (testimony about the outcome of the Time Warner trial), Scott Kalinoski at 326:2-326:22 (testimony about the damages in the Vonage case). The outcomes of Sprint's prior or pending cases, however, as the Court already noted, are inadmissible under Rule 402 or 403 because the verdicts and settlement agreements are irrelevant and being introduced "for a clearly improper purpose"—to confuse the jury, waste time, and subject Mediacom to significant undue prejudice. *See* Fed. R. Evid. 402, 403; D.I. 469 at 20 n.9 (noting with respect to the *Vonage* verdict, "I am fairly certain, I would exclude it under Rule 403 if I were not excluding it for the reasons stated in the text."); *IOENGINE, LLC v. PayPal Holdings, Inc.*, 1-18-cv-00452, D.I. 534, at 14 (D. Del. Jun. 27, 2022) (precluding evidence of prior jury verdicts from other witnesses after granting *Daubert* excluding damages experts' reliance on prior verdicts and settlements).

A different jury's determination in other Sprint cases—some involving numerous different patents—that a different company, selling different products, infringed Sprint's patents has no bearing on this jury's determination of whether Mediacom infringed the patents Sprint asserts

---

[1] These include: the 2007 *Vonage* verdict, the 2017 *TWC* verdict, the 2006 settlement with VoiceGlo, the 2016 settlement with Cable One, the 2017 settlement with Comcast, the 2018 settlement with Cox, the 2019 settlement with MetroCast, *Sprint Communications Co., L.P. v. Time Warner Cable, Inc.*, 760 Fed. App'x 977 (Fed. Cir. 2019), cert. denied, 140 S. Ct. 467 (2019), and the disputes with co-defendants in the instant cases.

against Mediacom in this case. *See AVM Techs. LLC v. Intel Corp.*, No. 1-15-cv-00033-RGA, 2017 WL 2938191, at *1-2 (D. Del. Apr. 20, 2017) (Andrews, J.) (excluding plaintiff's and inventor's prior litigations as irrelevant); *HSM Portfolio LLC v. Elpida Memory Inc.*, 11-770-RGA, D.I. 1220, at *2 (D. Del. Feb. 17, 2016) (Andrews J.) (excluding patentee's lawsuits with parties unrelated to defendant as irrelevant).[2] Litigation settlements are similarly irrelevant. That a different company making different products (and accused of infringing different patents) chose to pay Sprint rather than defend an infringement claim has no bearing on Sprint's claims against Mediacom. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77-78 (Fed. Cir. 2012) (noting settlement agreements are "tainted by the coercive environment of patent litigation" and might primarily reflect a desire to avoid further litigation); *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1372–73 (Fed. Cir. 2017) (addressing Sprint's argument that Supreme Court precedent bars litigation settlements as evidence of a reasonable royalty, and rejecting the argument because it was inconsistent with Sprint's prior litigation positions). Moreover, several settlements Sprint may seek to discuss were entered into during the pendency of this case, and Sprint's own expert acknowledged that such settlements could be drafted to buttress pending litigation. Ex. B, Mangum Dep. Tr., Jun. 4, 2020, at 348:6–16.

      Any minimal relevance of the outcomes of prior cases is substantially outweighed by risks of undue prejudice, confusing the jury, and wasting time. *See* Fed. R. Evid. 403. "[A]dmission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it." *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1351 (3d Cir. 1975) (references to verdict required new trial). This Court has excluded

---

[2] The Federal Circuit's decision in the *Time Warner* appeal, *TWC*, 760 Fed. App'x. 977, is equally irrelevant. *TWC* involved different evidence, different parties, and a narrower set of patents from Sprint's patent portfolio—none of which has any bearing on Mediacom's liability or damages.

references to prior cases because the unfair prejudice "cannot…be denied." *AVM*, 2017 WL 2938191, at *1-2 (characterizing results of prior cases as "incredibly prejudicial").[3] Telling a jury how judges, other jurors, or even private litigants (in the case of settlements) decided similar questions undermines the jury's role as arbiter of fact, and works a "usurpation of their function." *See Mass Engineered Design, Inc. v. SpaceCo Bus. Sols., Inc.*, 16-CV-01904-RM-MJW, 2017 WL 4334075, at *2 (D. Colo. May 2, 2017) ("Plaintiff wishes to impress upon a jury the fact that a federal judge has decided the very issue before them[.] . . . The Court views misleading of the jury, usurpation of their function, undue prejudice and confusion of issues to be present[.]").

Admission of evidence about the outcomes of prior cases also would demand additional evidence for context, clarity, or fairness. To avoid recitation (and re-litigation) of Sprint's years-long patent disputes involving different technologies made by different companies (often accused of infringing different patents), evidence that has a substantial danger of "wasting time" or "confusing the issues" should be excluded. *See* Fed. R. Evid. 403; *see also Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, CV 08-309-LPS, 2018 WL 5631531, at *2 (D. Del. Oct. 31, 2018) (evidence of prior litigation risked requiring additional evidence for context, clarity, or fairness).

---

[3] *See also VirnetX Inc. v. Apple Inc.*, 6:12-CV-855, 2016 WL 4063802, at *4, *7-8 (E.D. Tex. Jul. 29, 2016) (ordering new trial because of risk that jury deferred to prior verdict); *Cordis Corp. v. Medtronic Vascular, Inc.*, No. 97-550, 2005 WL 885381, at *4 (D. Del. Feb. 28, 2005) (preventing references to rulings or verdicts in prior patent cases), *rev'd in part on other grounds sub nom. Cordis Corp. v. Medtronic Ave, Inc.*, 511 F.3d 1157 (Fed. Cir. 2008); *Lucent Techs. Inc. v. Gateway, Inc.*, No. 02-2060, 2007 WL 1306539, at *1 (S.D. Cal. Apr. 30, 2007) (precluding parties from mentioning prior cases); *HTC Corp. v. Ericsson*, 6:18-CV-00243-JRG, D.I. 447, at *6-7 (E.D. Tex. Feb. 8, 2019) (excluding that certain facts were established in defendant's prior cases, and prohibiting either party from introducing a judicial opinion involving the defendant).

Dated: August 12, 2022

*Of Counsel*:

Robinson Vu
Roger Fulghum
Natalie Alfaro Gonzales
Lindsay Volpenhein Cutié
Amy E. Bergeron
Lori Ding
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
(713) 229-1234

   */s/ Andrew Mayo*
Stephen J. Balick (2114)
Andrew C. Mayo (5207)
ASHBY & GEDDES
500 Delaware Ave, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
SBalick@ashbygeddes.com
AMayo@ashbygeddes.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 12th day of August, 2022.

              */s/ Andrew Mayo*
              Andrew C. Mayo (5207)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) C.A. No. 17-1736 (RGA) ) |
| v. | ) ) |
| MEDIACOM COMMUNICATIONS CORP. | ) ) ) |
| Defendants. | ) |

**SPRINT'S OPPOSITION TO MEDIACOM'S MOTIONS IN *LIMINE*** 

OF COUNSEL:

B. Trent Webb
Ryan J. Schletzbaum
Ryan D. Dykal
John D. Garretson
Jordan T. Bergsten
Aaron E. Hankel
Lauren E. Douville
Mark D. Schafer
Maxwell C. McGraw
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

Robert H. Reckers
Michael W. Gray
SHOOK, HARDY & BACON L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 3400

POLSINELLI PC
Stephen J. Kraftschik (#5623)
Christina B. Vavala (#6135) 222
Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
cvavala@polsinelli.com

*Attorneys for Plaintiff Sprint
Communications Company L.P.*

**TABLE OF CONTENTS**

I.  Sprint Response to Mediacom MIL #1: Reference to Verdicts and Settlements ............ 1

II. Sprint's Response to Mediacom MIL #2: "Unreliable and speculative documents and testimony regarding Sprint's capacity to offer wholesale VoIP services." ....................... 4

III. Sprint's Response to Mediacom MIL #3: "Evidence of Mediacom's total VoIP profits and revenues." ................................................................................................................. 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Applied Med. Res. Corp. v. U.S. Surgical Corp.*,
  435 F.3d 1356 (Fed. Cir. 2006).................................................................................................2

*ART+COM Innovationpool GmbH v. Google*,
  155 F. Supp. 3d 489, 510-11 (D. Del. 2016) (Andrews, J.)........................................................6

*AVM Techs. LLC v. Intel Corp.*,
  15-00033-RGA, 2017 WL 2938191 (D. Del. Apr. 20, 2017).....................................................2

*Coleman Motor Co. v. Chrysler Corp.*,
  525 F.2d 1338 (3d Cir. 1975).....................................................................................................3

*Emcore Corp. v. Optium Corp.*,
  2009 WL 3381809 (W.D. Pa. 2009) .........................................................................................5

*FloodBreak, LLC v. Art Metal Indus., LLC*,
  No. 3:18-CV-503 (SRU), 2020 WL 6060974 (D. Conn. Oct. 13, 2020)...............................7, 9

*In re Tonopah Solar Energy, LLC*,
  No. 20-11844 (KBO), 2022 WL 982558 (D. Del. Mar. 31, 2022)............................................6

*Johns Hopkins University v. Alcon Laboratories Inc.*,
  2018 WL 4178159 (D. Del. 2018) .............................................................................................4

*Jones Lang LaSalle Americas, Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No.*,
  338 F. Supp. 3d 381, 385 (D. Del. 2018)...................................................................................5

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012)..................................................................................................3, 7

*Mass Engineered Design, Inc. v. SpaceCo Bus. Sols., Inc.*,
  16-01904, 2017 WL 4334075 (D. Colo. May 2, 2017) .........................................................3, 4

*Prism Techs. LLC v. Sprint Spectrum L.P.*,
  849 F.3d 1360 (Fed. Cir. 2017)..................................................................................................3

*Simpson Performance Prod., Inc. v. NecksGen Inc.*,
  No. 18-01260, 2019 WL 4187463 (S.D. Cal. Mar. 25, 2019) ...................................................2

*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*,
  760 F. App'x 977 (Fed. Cir. 2019) ........................................................................................2, 3

*TEK Global, S.R.L. v. Sealant Systems Internat'l, Inc.*,
    920 F.3d 777 (Fed. Cir. 2019) ............................................................................................ 5, 6

*United States v. Krasley*,
    No. 21-1364, 2022 WL 2662045 (3d Cir. July 11, 2022) ......................................................... 2

*WCM Indus., Inc. v. IPS Corp.*,
    721 F. App'x 959 (Fed. Cir. 2018) ........................................................................................... 2

*Yarway Corp. v. Eur-Control USA, Inc.*,
    775 F.2d 268 (Fed. Cir. 1985) .................................................................................................. 5

I.  **Sprint Response to Mediacom MIL #1: Reference to Verdicts and Settlements**

Sprint's successful litigation of its VoIP patents was undisputedly known to—and was actually considered by—Mediacom's executives prior to this lawsuit. This evidence is probative and admissible as to Sprint's willful infringement claims. Mediacom creates a straw man by pointing to other purposes for which this evidence might not be admissible, but tellingly fails to: (1) point to any authority excluding this evidence when it is relevant to willfulness; or (2) argue why a limiting instruction would not be sufficient. Nor could it persuasively do so.

To show willful infringement, Sprint intends to introduce evidence of Sprint's prior VoIP patent litigation that was known to Mediacom before expiration of the asserted patents. Such evidence is undoubtedly relevant to willful infringement. For instance, there is no dispute that



. Ex. 1.[1] If nothing else, 

. Ex. 2, at 22, 53-54.[2] As another example, Sprint issued a press release in October 2009 about its settlement with Big River, explaining that "Sprint's VoP portfolio enables efficient and cost-effective telecommunications in connection with cable phone services." Ex. 6; Ex. 7. This shows at least willful blindness, undercutting the credibility of any claim by Mediacom

---

[1] In 2007,  . Ex. 3 at 142-146:22; Ex. 4 at 99:7-100:3, 263:20-264:5, 265:23-266:24; Ex. 5.   Ex. 3 at 153:8-158:23.

[2] Mediacom's motion does not appear directed to knowledge of litigation other than a settlement or verdict, nor does the Court's combined *Daubert* order (17-1734, D.I. 572, p. 21), so Sprint does not address here Mediacom's knowledge that Sprint sued other cable companies in 2011.

██████████████████████████████████████████████████████████████████████████

████████████████████████████████.[3] This type of evidence has long been recognized as probative on willful infringement, and excluding it would unfairly deprive Sprint from telling the jury about Mediacom's intentional conduct. *See Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc*., 760 F. App'x 977, 981 (Fed. Cir. 2019) (affirming use of *Vonage* verdict for "damages and willfulness" under nearly identical circumstances) (non-precedential).[4]

Sprint does not, of course, plan to suggest that the jury in this case should simply defer to the *Vonage* jury on infringement and invalidity, and has proposed a limiting instruction on this issue based on the instruction given in nearly identical circumstances in *Time Warner Cable*. The Federal Circuit approved of this approach, as well. *Time Warner Cable*, 760 F. App'x at 981. Courts have long held that such limiting instructions sufficiently address situations like this, and Mediacom's failure to argue to the contrary in light of the *Time Warner Cable* record on this issue is extraordinarily telling. *E.g. United States v. Krasley*, No. 21-1364, 2022 WL 2662045, at *4 (3d Cir. July 11, 2022) (affirming admittance of evidence with limiting instruction: "Juries are presumed to follow limiting instructions.").

Against this backdrop, the cases cited by Mediacom are plainly inapplicable. In *AVM Techs. LLC v. Intel Corp*., 15-00033-RGA, 2017 WL 2938191, at *1-2 (D. Del. Apr. 20, 2017), this Court said "the jury, however, is not going to hear willfulness," and thus rejected an argument of relevance to willfulness. The other cases cited by Mediacom do not address relevance to

---

[3] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[4] Several other courts have found knowledge of prior patent litigation relevant to willfulness. *See Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1358 (Fed. Cir. 2006); *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 971 (Fed. Cir. 2018); *Simpson Performance Prod., Inc. v. NecksGen Inc*., No. 18-01260, 2019 WL 4187463, at *3 (S.D. Cal. Mar. 25, 2019).

willfulness and are otherwise distinguishable. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012) (noting the "unique circumstances" of a settlement); *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1368 (Fed. Cir. 2017) (affirming admittance of settlement); *Coleman Motor Co. v. Chrysler Corp*., 525 F.2d 1338, 1350 (3d Cir. 1975) (holding questioning on a prior lawsuit to be an "unobjectionable attempt to show [a witness's] bias"); *Mass Engineered Design, Inc. v. SpaceCo Bus. Sols., Inc.*, 16-01904, 2017 WL 4334075, at *2 (D. Colo. May 2, 2017) (declining to exclude settlement agreements for damages).[5]

Finally, Sprint respectfully submits that the jury should be allowed to consider evidence of Sprint's pre-2010 litigation for damages. This Court, in excluding such evidence for damages in the consolidated *Charter* cases, acknowledged that the hypothetical negotiation date in the *Mediacom* case is 2010, making inapplicable some of the Court's rationales for exclusion in other cases with earlier dates. (Case 17-1734, D.I. 572, pp. 17-21).[6] Similar to *Sprint v. TWC*, which affirmed the admittance of the 2007 *Vonage* verdict as part of 2010 hypothetical negotiations, *see Time Warner Cable*, 760 F. App'x 977 at 981, here ██████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████ (Ex. 8 Bakewell Depo. Tr., 170-172). Before Mediacom began infringing in 2010 both sides knew the outcome from *Vonage*, including the royalty afforded to the same patents at issue here. Thus, as in *Sprint v. TWC*, evidence of at least pre-2010 verdicts and settlements should be admitted for willful infringement and damages.

---

[5] The other unpublished cases cited by Mediacom suffer from similar problems.
[6] At that time, it was not squarely before the Court that much of this same evidence should come in for willfulness purposes in the *Mediacom* case.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,<br>    *Plaintiff,*<br><br>    v.<br><br>MEDIACOM COMMUNICATIONS CORP.,<br>    *Defendants* | Case No. 17-1736-RGA<br>CONFIDENTIAL – FILED UNDER SEAL |

## **MEDIACOM'S REPLY IN SUPPORT OF ITS MOTIONS IN LIMINE**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Beatrice Co. v. New England Printing & Lithographing Co.*,
   899 F.2d 1171 (Fed. Cir. 1990) (*en banc*) ....................................................................................3

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
   No. 2:12–cv–525, 2015 WL 1518099 (E.D. Va. Mar. 31, 2015) .............................................3

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   694 F.3d 51 (Fed. Cir. 2012) .....................................................................................................3

*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*,
   706 F. App'x 977 (Fed. Cir. 2019) ...........................................................................................1

*XpertUniverse Inc. v. Cisco Sys. Inc.*,
   1-09-cv-00157-RGA, D.I. 608 (D. Del. Feb. 28, 2013) ..........................................................2

**I.     Reference to the outcome (including verdicts and settlement agreements) of prior or pending cases, including Sprint's litigation with any co-defendants and the Federal Circuit's decision in Time Warner.**

Sprint's opposition confirms it intends to do exactly what Mediacom seeks to prevent—parade irrelevant outcomes of prior cases in front of the jury for the "clearly improper purpose" of having the jury in this case defer to prior findings of infringement and validity.

Sprint argues that the prior verdicts and settlement are relevant to Mediacom's alleged willful infringement and damages, relying on the non-precedential *TWC* decision, where the Federal Circuit found only that it was not "reversible error" to have admitted the Vonage verdict in that case. *Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*, 706 F. App'x 977, 982 (Fed. Cir. 2019) (non-precedential). But this Court has already addressed *TWC*, finding that the prior verdicts and settlement agreements should be excluded because they are not reliable evidence for damages, and further noting they should be excluded under Rule 403 because they were being introduced for a "clearly improper purpose." D.I. 469 at 20, n.9. Undeterred, Sprint intends to make every possible end-run around this Court's *Daubert* decision to tell the jury about the prior verdicts and settlements.

Sprint cites ***no authority*** stating that ***outcomes*** of prior cases are relevant to willfulness—because they aren't. Sprint can tell its story of Mediacom's alleged willfulness, including whether Mediacom knew that Sprint had previously asserted its patents against Vonage and others, without calling out the findings of other juries. Allowing Sprint to introduce evidence of the ***outcomes*** of those prior litigations would be highly prejudicial to Mediacom. And despite Sprint's argument, no curative instruction in the world could remedy allowing Sprint to flaunt dollar amounts of previous damages awards and encourage the jury to defer to previous rulings by other juries regarding other defendants accused of infringing other patents. Mediacom's MIL should be granted.

Dated: September 2, 2022

*Of Counsel*:

G. Hopkins Guy, III
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007
(650) 739-7500

Roger Fulghum
Robinson Vu
Natalie Alfaro Gonzales
Lindsay Volpenhein Cutié
Amy E. Bergeron
Charles Stephen Maule
Lori Ding
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995

 */s/ Andrew Mayo*
Stephen J. Balick (2114)
Andrew C. Mayo (5207)
ASHBY & GEDDES
500 Delaware Ave, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
SBalick@ashbygeddes.com
AMayo@ashbygeddes.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 2nd day of September, 2022.

 */s/ Andrew Mayo*
Andrew C. Mayo (5207)