**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br> *Plaintiff,* <br><br> v. <br><br> MEDIACOM COMMUNICATIONS CORP., <br> *Defendants* | Case No. 17-1736-RGA <br><br> **REDACTED PUBLIC VERSION** |

**MEDIACOM'S MOTION IN LIMINE #2**

## TABLE OF CONTENTS

                                                                                                                                          **Page**

I.     Reference to the outcome (including verdicts and settlement agreements) of prior or pending cases, including Sprint's litigation with any co-defendants and the Federal Circuit's decision in Time Warner. ................................................................................................ 1

II.    Unreliable and speculative documents and testimony regarding Sprint's capacity to offer wholesale VoIP services ........................................................................................... 4

III.   Evidence of Mediacom's total VoIP profits and revenues .................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
 C. A. No. 2:10-cv-248, 2011 WL 7036048 (E.D. Va. July 5, 2011) ........................................8

*AllScripts Healthcare, LLC v. Andor Health*,
 LLC, 1-21-cv-704-MAK, 2022 WL 3021560 (D. Del. July 29, 2022) .....................................5

*AVM Techs. LLC v. Intel Corp.*,
 No. 1-15-cv-00033-RGA, 2017 WL 2938191 (D. Del. Apr. 20, 2017) (Andrews, J.)..........2, 3

*Coleman Motor Co. v. Chrysler Corp.*,
 525 F.2d 1338 (3d Cir. 1975)....................................................................................................2

*Cordis Corp. v. Medtronic Vascular, Inc.*,
 No. 97-550, 2005 WL 885381 (D. Del. Feb. 28, 2005), *rev'd in part on other grounds sub nom. Cordis Corp. v. Medtronic Ave, Inc.*, 511 F.3d 1157 (Fed. Cir. 2008) .............................3

*Fedorczyk v. Caribbean Cruise Lines, Ltd.*,
 82 F.3d 69 (3d Cir. 1996)..........................................................................................................5

*Howard v. Offshore Liftboats, LLC*,
 No. 13-4811, 2016 WL 316716 (E.D. La. Jan. 26, 2016).....................................................4, 5

*HSM Portfolio LLC v. Elpida Memory Inc.*,
 11-770-RGA, D.I. 1220 (D. Del. Feb. 17, 2016) (Andrews J.) .................................................2

*HTC Corp. v. Ericsson*,
 6:18-CV-00243-JRG, D.I. 447 (E.D. Tex. Feb. 8, 2019) ..........................................................3

*HTC Corp. v. Tech. Properties Ltd.*,
 5:08-CV-00882-PSG, 2013 WL 4782598 (N.D. Cal. Sept. 6, 2013) ........................................8

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
 No. 2:12–cv–525, 2015 WL 1518099 (E.D. Va. Mar. 31, 2015) ..............................................8

*Inventio AG v. Thyssenkrupp Elevator Corp.*,
 C. A. No. 08–874–RGA, 2014 WL 554853 (D. Del. Feb. 6, 2014) ..........................................8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
 1-18-cv-00452, D.I. 534 (D. Del. Jun. 27, 2022)......................................................................1

*Kennedy v. Adamo*,
   No. 1:02-CV-01776-ENV-RML, 2006 WL 3704784 (E.D.N.Y. Sept. 1, 2006), aff'd, 323 F.
   App'x 34 (2d Cir. 2009)......................................................................................................5

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   694 F.3d 51 (Fed. Cir. 2012).............................................................................................2, 7

*Lighting Ballast Control, LLC v. Philips Elecs. N. Am. Corp.*,
   C. A. No. 7:09–CV–29–O, 2011 WL 7575006 (N.D. Tex. June 10, 2011) ...............................8

*Lucent Techs. Inc. v. Gateway, Inc.*,
   No. 02-2060, 2007 WL 1306539 (S.D. Cal. Apr. 30, 2007).......................................................3

*Mass Engineered Design, Inc. v. SpaceCo Bus. Sols., Inc.*,
   16-CV-01904-RM-MJW, 2017 WL 4334075 (D. Colo. May 2, 2017).......................................3

*Mobile Telecommunications Tech., LLC v. Sprint Nextel Corp., et al.*,
   No. 2:12–cv–832–JRG–RSP, 2014 WL 5816106 (E.D. Tex. Nov. 7, 2014) ...........................8

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*,
   CV 08-309-LPS, 2018 WL 5631531 (D. Del. Oct. 31, 2018) ...................................................3

*Prism Techs. LLC v. Sprint Spectrum L.P.*,
   849 F.3d 1360 (Fed. Cir. 2017)..................................................................................................2

*Sprint Communications Co., L.P. v. Time Warner Cable, Inc.*,
   760 Fed. App'x 977 (Fed. Cir. 2019), cert. denied, 140 S. Ct. 467 (2019) ..........................1, 2

*TEK Global, S.R.L. v. Sealant Systems Int'l, Inc.*,
   920 F.3d 777 (Fed. Cir. 2019)....................................................................................................6

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011)..............................................................................................7, 8

*Versata Software, Inc. v. SAP Am., Inc.*,
   717 F.3d 1255 (Fed. Cir. 2013)..................................................................................................7

*Viasat, Inc. v. Space Systems/Loral, Inc.*,
   No. 3:12-CV-00260-H (WVG), 2014 WL 3896073 (S.D. Cal. Aug. 8, 2014) ........................6

*VirnetX Inc. v. Apple Inc.*,
   6:12-CV-855, 2016 WL 4063802 (E.D. Tex. Jul. 29, 2016) .....................................................3

*XpertUniverse Inc. v. Cisco Sys. Inc.*,
   1-09-cv-00157-RGA, D.I. 608 (D. Del. Feb. 28, 2013) ............................................................6

**OTHER AUTHORITIES**

Rule 402 ...................................................................................................................................1

Rule 403 ................................................................................................................................1, 2, 3, 8

## II.  Unreliable and speculative documents and testimony regarding Sprint's capacity to offer wholesale VoIP services

In his lost profits analysis, Sprint's damages expert, Dr. Mangum, exclusively relies upon speculative documents and testimony to support his analysis of *Panduit* Factor 3.[4] Sprint's speculative evidence relied on by Dr. Mangum is inadmissible and will confuse the jury, waste time, and unduly prejudice Mediacom.

First, Dr. Mangum relies on the following threadbare and conclusory testimony from Sprint's VP of Wholesale Scott Kalinoski as support for his opinion that ▬▬▬▬▬▬▬▬



Ex. C, Kalinoski Dep. Tr. (Jan. 15, 2020) at 559:13-24; Ex. D, Mangum Rpt. at ¶ 81. Mr. Kalinoski offers no basis for his speculative opinion. Indeed, his speculation regarding whether ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ is not based on any direct or circumstantial evidence. *See Howard v. Offshore Liftboats, LLC*, No. 13-4811, 2016 WL 316716, at *4 (E.D. La. Jan. 26, 2016) ("A lay opinion witness may not testify based on

---

[4] Defendants previously filed a *Daubert* motion to exclude the testimony of Dr. Mangum on *Panduit* Factor 3, arguing that he had not done any calculations to show that Sprint had the manufacturing capacity to handle the increase in VoIP subscribers if all subscribers were required to use Sprint's VoIP service, which was denied because the Court found that such calculations were not required. D.I. 469 at 21-22. Here, Defendant challenges the admissibility of the evidence that Dr. Mangum did rely upon for his *Panduit* Factor 3 analysis, and as such, this motion *in limine* is not simply a rehashing of Defendants' *Daubert*.

4

speculation.") (citation omitted); *Kennedy v. Adamo*, No. 1:02-CV-01776-ENV-RML, 2006 WL 3704784, at *3 (E.D.N.Y. Sept. 1, 2006), aff'd, 323 F. App'x 34 (2d Cir. 2009) ("Testimony by an injured party as to what he would have done only if something else had or had not happened is nothing more than self-serving speculation."). In fact, neither Mr. Kalinoski nor any documents in the record provides any specifics regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and so on.

Dr. Mangum also relies upon the testimony of Sprint's VP of Packet Switching Mark Chall, who conjectures that Sprint ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. D, Mangum Rpt. at ¶ 81. But Mr. Chall's testimony regarding capacity is speculative just like Mr. Kalinoski's. Indeed, while Mr. Chall concedes that Sprint ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. E, Chall Dep. Tr. (Dec. 19, 2019) at 204:24-205:3), his barebones testimony fails to provide any detail as to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See, e.g., AllScripts Healthcare, LLC v. Andor Health*, LLC, 1-21-cv-704-MAK, 2022 WL 3021560, at *43 (D. Del. July 29, 2022) ("An opinion is speculative if it 'is not based on any direct or circumstantial evidence' in the record.") (*quoting Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996)).

Because Mr. Kalinoski's and Mr. Chall's testimony is improper speculation, the jury should not hear it. *See Howard,* 2016 WL 316716, at *4, n. 23 ("Under the Federal Rules of Evidence, speculative opinion testimony by lay witnesses—*i.e.*, testimony not based upon the witness's perception—is generally considered inadmissible.") And for the same reasons, Dr. Mangum should not be permitted to parrot these witnesses' speculation to the jury either. *See, e.g.*,

5

*Viasat, Inc. v. Space Systems/Loral, Inc.*, No. 3:12-CV-00260-H (WVG), 2014 WL 3896073, at *12 (S.D. Cal. Aug. 8, 2014) (rejecting damages expert's conclusion that, but for the infringement, all subscribers would have switched to patentee's service where expert "did not account for the fact" that patentee was "reaching capacity and thus could not accommodate any overflow... subscribers").[5]

Finally, Dr. Mangum relies upon a document entitled  Ex. D, Mangum Rpt. at ¶ 82. However, this document is not relevant to Sprint's capacity to provide VoIP services to Mediacom during the damages period; . *See generally* Ex. F, SPRIKS_08_000677129. Moreover, any probative value of this document is outweighed by the danger of unfair prejudice because the projections and assumptions drawn from this document are merely guesses about future performance made with "a substantial motive to paint a rosy picture" and therefore inherently speculative. *See, e.g., XpertUniverse Inc. v. Cisco Sys. Inc.*, 1-09-cv-00157-RGA, D.I. 608 at 4 (D. Del. Feb. 28, 2013). Dr. Mangum's reliance on this document should be excluded as well.

---

[5] This evidence is significantly different from the evidence relied upon by the damages expert in *TEK Global, S.R.L. v. Sealant Systems Int'l, Inc.*, 920 F.3d 777, 790-91 (Fed. Cir. 2019), which Sprint cited in its response to Defendants' *Daubert*. D.I. 352 at 33. In that case, the plaintiff's damages expert relied upon "deposition transcripts, reports, financial documents, and conversations with TEK's CFO," including testimony by plaintiff's managing director that he believed TEK "would have sold a tire repair kit for every tire repair kit that [the defendant] sold," including specific numbers and to a specific customer because the plaintiff "has been providing [that customer] with a hundred percent of the product" until the defendant entered the market. *See* 11-cv-0774, D.I. 545, at 2-6 (N.D. Cal. Jun. 1, 2017). By contrast, here, Sprint's witnesses merely conclude, without any support, that .

Dated: August 12, 2022

*Of Counsel*:

Robinson Vu
Roger Fulghum
Natalie Alfaro Gonzales
Lindsay Volpenhein Cutié
Amy E. Bergeron
Lori Ding
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
(713) 229-1234

 */s/ Andrew Mayo*
Stephen J. Balick (2114)
Andrew C. Mayo (5207)
ASHBY & GEDDES
500 Delaware Ave, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
SBalick@ashbygeddes.com
AMayo@ashbygeddes.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 12th day of August, 2022.

*/s/ Andrew Mayo*
Andrew C. Mayo (5207)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) C.A. No. 17-1736 (RGA) ) |
| v. | ) ) |
| MEDIACOM COMMUNICATIONS CORP. | ) ) ) |
| Defendants. | ) |

## SPRINT'S OPPOSITION TO MEDIACOM'S MOTIONS IN *LIMINE*

OF COUNSEL:

B. Trent Webb
Ryan J. Schletzbaum
Ryan D. Dykal
John D. Garretson
Jordan T. Bergsten
Aaron E. Hankel
Lauren E. Douville
Mark D. Schafer
Maxwell C. McGraw
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

Robert H. Reckers
Michael W. Gray
SHOOK, HARDY & BACON L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 3400

POLSINELLI PC
Stephen J. Kraftschik (#5623)
Christina B. Vavala (#6135) 222
Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
cvavala@polsinelli.com

*Attorneys for Plaintiff Sprint Communications Company L.P.*

i

# **TABLE OF CONTENTS**

**I.  Sprint Response to Mediacom MIL #1: Reference to Verdicts and Settlements ............ 1**

**II. Sprint's Response to Mediacom MIL #2: "Unreliable and speculative documents and testimony regarding Sprint's capacity to offer wholesale VoIP services." ....................... 4**

**III. Sprint's Response to Mediacom MIL #3: "Evidence of Mediacom's total VoIP profits and revenues."................................................................................................................... 7**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Med. Res. Corp. v. U.S. Surgical Corp.*,
  435 F.3d 1356 (Fed. Cir. 2006)..................................................................................................2

*ART+COM Innovationpool GmbH v. Google*,
  155 F. Supp. 3d 489, 510-11 (D. Del. 2016) (Andrews, J.)........................................................6

*AVM Techs. LLC v. Intel Corp.*,
  15-00033-RGA, 2017 WL 2938191 (D. Del. Apr. 20, 2017).....................................................2

*Coleman Motor Co. v. Chrysler Corp.*,
  525 F.2d 1338 (3d Cir. 1975)......................................................................................................3

*Emcore Corp. v. Optium Corp.*,
  2009 WL 3381809 (W.D. Pa. 2009) ..........................................................................................5

*FloodBreak, LLC v. Art Metal Indus., LLC*,
  No. 3:18-CV-503 (SRU), 2020 WL 6060974 (D. Conn. Oct. 13, 2020)................................7, 9

*In re Tonopah Solar Energy, LLC*,
  No. 20-11844 (KBO), 2022 WL 982558 (D. Del. Mar. 31, 2022) ............................................6

*Johns Hopkins University v. Alcon Laboratories Inc.*,
  2018 WL 4178159 (D. Del. 2018) .............................................................................................4

*Jones Lang LaSalle Americas, Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No.*,
  338 F. Supp. 3d 381, 385 (D. Del. 2018)....................................................................................5

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012).................................................................................................3, 7

*Mass Engineered Design, Inc. v. SpaceCo Bus. Sols., Inc.*,
  16-01904, 2017 WL 4334075 (D. Colo. May 2, 2017) .........................................................3, 4

*Prism Techs. LLC v. Sprint Spectrum L.P.*,
  849 F.3d 1360 (Fed. Cir. 2017)..................................................................................................3

*Simpson Performance Prod., Inc. v. NecksGen Inc.*,
  No. 18-01260, 2019 WL 4187463 (S.D. Cal. Mar. 25, 2019) ...................................................2

*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*,
  760 F. App'x 977 (Fed. Cir. 2019) .........................................................................................2, 3

*TEK Global, S.R.L. v. Sealant Systems Internat'l, Inc.*,
   920 F.3d 777 (Fed. Cir. 2019) ................................................................................5, 6

*United States v. Krasley*,
   No. 21-1364, 2022 WL 2662045 (3d Cir. July 11, 2022) ..........................................2

*WCM Indus., Inc. v. IPS Corp.*,
   721 F. App'x 959 (Fed. Cir. 2018) ............................................................................2

*Yarway Corp. v. Eur-Control USA, Inc.*,
   775 F.2d 268 (Fed. Cir. 1985) ...................................................................................5

II.     **Sprint's Response to Mediacom MIL #2: "Unreliable and speculative documents and testimony regarding Sprint's capacity to offer wholesale VoIP services."**

The Court should deny Mediacom's invitation to revisit an issue this Court already decided against it on dispositive motions. Specifically, Mediacom's *Daubert* motion sought to exclude Dr. Mangum's testimony under *Panduit* Factor 3 because, according to Mediacom, his opinion was "unsupported" and failed to quantify Sprint's VoIP manufacturing capacity. *See* D.I. 572 at 21-22. In denying Mediacom's motion, this Court found that "Dr. Mangum ***appropriately relied on evidence other than calculations*** to conclude that Plaintiff had the manufacturing capacity under *Panduit* Factor 3." *Id.* at 22 (citing *TEK Global, S.R.L. v. Sealant Systems Internat'l, Inc.*, 920 F.3d 777, 790 (Fed. Cir. 2019)) (emphasis added). The Court further denied Mediacom's motion seeking summary judgment of no lost profits under the *Panduit* Factors. *See id.* at 10-14.

Mediacom's motion in *limine* essentially seeks reconsideration of these prior rulings. In particular, Mediacom argues the Court should exclude evidence underlying Dr. Mangum's opinions for lacking "██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████." Mediacom's MILs at 4-5. But, as discussed above, this same argument—that Sprint's alleged failure to quantify its VoIP manufacturing capacity precludes its expert from offering any opinion on *Panduit* Factor 3—was already advanced by Mediacom and rejected by this Court at the *Daubert* stage. The Court should deny Mediacom's efforts to rehash issues previously decided by the Court.[7]

---

[7] *See Johns Hopkins University v. Alcon Laboratories Inc.*, 2018 WL 4178159, *21 (D. Del. 2018) (denying motion to exclude evidence of willful infringement since the motion was in effect a motion for partial summary judgment on the issue of willful infringement); *Emcore Corp. v. Optium Corp.*, 2009 WL 3381809, *1–*2 (W.D. Pa. 2009) (under Third Circuit law, denying a motion in *limine* disguised as an evidentiary challenge, where the Court already decided the issue unfavorably to the movant during summary judgment); *Jones Lang LaSalle Americas, Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No.*, 338 F. Supp. 3d 381, 385 (D. Del. 2018) ("Absent

Even if the Court were to reconsider Mediacom's motion, it also fails on the merits. First, Mediacom argues that Dr. Mangum cannot rely on a historical document forecasting Sprint's VoIP capacity leading up to the damages period to infer Sprint's capacity to offer identical services during the damages period. Mediacom's MIL #2 at 6. But the Federal Circuit recently reaffirmed that a "jury could reasonably infer manufacturing capacity from [the plaintiff's] prior activities." *TEK Global*, 920 F.3d at 790. That Sprint forecasted its ability to adjust VoIP investments as demand increased, and then did just that by providing Mediacom and many other cable companies VoIP services for years leading up to Mediacom's infringement, is sufficient evidence to infer Sprint's capacity to continue offering these identical services during the ensuing three year damages period. This inference is particularly strong where, as here, there is no evidence that the business setting between Sprint and Mediacom had changed as of the date of first infringement.[8]

Second, neither Mr. Kalinoski nor Mr. Chall's testimony confirming Sprint's capacity to offer Mediacom VoIP services during the damages period is speculative or unfairly prejudicial. Mr. Kalinoski—Sprint's former VP of Wholesale in charge of Sprint's business unit ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—testified based on personal knowledge ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

extraordinary circumstances, the law of the case doctrine cautions against revisiting previously decided issues at later stages of a case.").

[8] *See Yarway Corp. v. Eur-Control USA, Inc.*, 775 F.2d 268, 277 (Fed. Cir. 1985) ("The evidence as a whole presents a picture of a . . . company, Yarway, aggressively acting in the market, attempting to create a demand, and meeting it. . . . There is nothing in the record to indicate that had Eur-Control not infringed, this business setting would have changed."). Mediacom's 30(b)(6) witness testified that Mediacom's decision not to renew the VoIP contract with Sprint was based on cost savings, not concerns about Sprint's inability to continue servicing Mediacom's VoIP customers. Ex. 9, Oct. 22, 2019 Dep. Tr. of Daniel Templin at 151-152 ("Q. Is it your understanding that Mediacom was [considering alternatives to Sprint] because it was unsatisfied with the services Sprint was providing? A. No. The analysis and the consideration was largely based on financials. Q. Cost savings? A. Yes.").

5

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *See* Ex. 10, Jan. 14, 2020 Kalinoski Tr. at 8:23-9:5, 16:17-17:13. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *See* Ex. 11, Jan. 15, 2020 Kalinoski Tr. at 548:22-556:12; Ex. 12, SPRIKS_03_00001753.[9] Similarly, Mr. Chall—Sprint's former VP of Packet Switching who led Sprint's efforts to sell VoIP services to cable companies and ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉—testified based on his personal knowledge that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *See* Ex. 13, Dec. 19, 2019 Dep. Tr. of Mark Chall at 52:19-53:23, 177:6-181:4, 204:6-205:5. While this testimony is forward looking, it is based on personal knowledge, and there is nothing speculative about it, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.[10] Mediacom's motion should be denied.

---

[9] Mediacom also ignores that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* Ex. D, Mangum Rpt. at ¶ 82. Both the Federal Circuit and this Court have endorsed an expert's reliance on discussions like these. *See TEK Global*, 920 F.3d at 790-91 (permitting an expert to rely on conversations with plaintiff's executives); *ART+COM Innovationpool GmbH v. Google*, 155 F. Supp. 3d 489, 510-11 (D. Del. 2016) (Andrews, J.) ("Dr. Goodchild relies on conversations with Google engineer Julien Mercay, who Google expects call as a witness at trial. . . . Dr. Goodchild's reliance on employee testimony is permissible.").

[10] *See In re Tonopah Solar Energy, LLC*, No. 20-11844 (KBO), 2022 WL 982558, at *16 (D. Del. Mar. 31, 2022) (Even if Mr. Pugh's testimony concerned a 'specialized' field and 'involved predictions about future business performance,' he had more than adequate personal knowledge to offer opinions about [his employer's] future financial condition and business plans in light of his in-depth experience with the business's contracts, operating costs, and competition.") (internal quotations omitted); *see also FloodBreak, LLC v. Art Metal Indus., LLC*, No. 3:18-CV-503 (SRU), 2020 WL 6060974, at *9 n.8 (D. Conn. Oct. 13, 2020).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,<br>   *Plaintiff,*<br><br>         v.<br><br>MEDIACOM COMMUNICATIONS CORP.,<br>   *Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 17-1736-RGA<br>CONFIDENTIAL – FILED<br>UNDER SEAL |

**<u>MEDIACOM'S REPLY IN SUPPORT OF ITS MOTIONS IN LIMINE</u>**

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Beatrice Co. v. New England Printing & Lithographing Co.*,
    899 F.2d 1171 (Fed. Cir. 1990) (*en banc*) ...................................................................................3

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
    No. 2:12–cv–525, 2015 WL 1518099 (E.D. Va. Mar. 31, 2015) ............................................3

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
    694 F.3d 51 (Fed. Cir. 2012)...................................................................................................3

*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*,
    706 F. App'x 977 (Fed. Cir. 2019) .........................................................................................1

*XpertUniverse Inc. v. Cisco Sys. Inc.*,
    1-09-cv-00157-RGA, D.I. 608 (D. Del. Feb. 28, 2013) ..........................................................2

## II. Unreliable and speculative documents and testimony regarding Sprint's capacity to offer wholesale VoIP services

Sprint's opposition does not resolve the issues with the documents and testimony it intends to present related to *Panduit* Factor 3.

First, as explained in Mediacom's opening MIL, Mediacom is not, as Sprint asserts, seeking to re-hash Defendants' *Daubert* motion which challenged Dr. Mangum's methodology. Rather, Mediacom challenges the admissiblity of certain evidence because it amounts to nothing more than unsupported conclusions that Sprint ▬▬▬▬▬▬ Sprint argues in a footnote that "Mediacom ignores" that Dr. Mangum ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ to support his opinions on *Panduit* Factor 3, but this only demonstrates that Mediacom's MIL is *not* requesting reconsideration of the *Daubert* motion. Instead, Mediacom seeks only to exclude inadmissible speculation from Mr. Kalinoski and Mr. Chall and a speculative, irrelevant document.

With respect to the evidence itself, Sprint's response admits the testimony of Mr. Chall and Mr. Kalinoski is "forward-looking," but barely addresses the speculative nature of the testimony of those individuals. Indeed, Sprint does not address *any* of Mediacom's cited caselaw which clearly establishes that testimony like that of Mr. Kalinoski and Mr. Chall, and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ are not admissible. *See, e.g., XpertUniverse Inc. v. Cisco Sys. Inc.*, 1-09-cv-00157-RGA, D.I. 608 at 4 (D. Del. Feb. 28, 2013) (excluding evidence with "diminished" "probative value" because they were "'guesstimates' based on discussions with Plaintiff's management about Plaintiff's future performance, which is inherently speculative."). Instead, Sprint relies only upon *TEK Global*, but as noted in Mediacom's opening MIL, *TEK* is distiguishable because the testimony offered in that case was far more specific than Mr. Kalinoski's or Mr. Chall's testimony. Sprint's evidence on this point is textbook speculation and is inadmissible.

Dated: September 2, 2022

|  |  |
|---|---|
| | /s/ Andrew Mayo |
| | Stephen J. Balick (2114) |
| | Andrew C. Mayo (5207) |
| *Of Counsel*: | ASHBY & GEDDES |
| | 500 Delaware Ave, 8th Floor |
| G. Hopkins Guy, III | P.O. Box 1150 |
| BAKER BOTTS L.L.P. | Wilmington, DE 19899 |
| 1001 Page Mill Road | SBalick@ashbygeddes.com |
| Building One, Suite 200 | AMayo@ashbygeddes.com |
| Palo Alto, California 94304-1007 | |
| (650) 739-7500 | *Attorneys for Defendants* |

Roger Fulghum
Robinson Vu
Natalie Alfaro Gonzales
Lindsay Volpenhein Cutié
Amy E. Bergeron
Charles Stephen Maule
Lori Ding
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 2nd day of September, 2022.

/s/ Andrew Mayo
Andrew C. Mayo (5207)