# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br>    *Plaintiff,* <br>       v. <br> MEDIACOM COMMUNICATIONS CORP., <br>    *Defendants* | Case No. 17-1736-RGA <br> CONFIDENTIAL – FILED UNDER SEAL |

## MEDIACOM'S MOTION IN LIMINE #3

## TABLE OF CONTENTS

                                                                                                                                       **Page**

I.    Reference to the outcome (including verdicts and settlement agreements) of prior or pending cases, including Sprint's litigation with any co-defendants and the Federal Circuit's decision in Time Warner. .................................................................................................1

II.    Unreliable and speculative documents and testimony regarding Sprint's capacity to offer wholesale VoIP services ......................................................................................4

III.   Evidence of Mediacom's total VoIP profits and revenues ...................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
  C. A. No. 2:10-cv-248, 2011 WL 7036048 (E.D. Va. July 5, 2011) .........................................8

*AllScripts Healthcare, LLC v. Andor Health*,
  LLC, 1-21-cv-704-MAK, 2022 WL 3021560 (D. Del. July 29, 2022) .....................................5

*AVM Techs. LLC v. Intel Corp.*,
  No. 1-15-cv-00033-RGA, 2017 WL 2938191 (D. Del. Apr. 20, 2017) (Andrews, J.) ..........2, 3

*Coleman Motor Co. v. Chrysler Corp.*,
  525 F.2d 1338 (3d Cir. 1975) ....................................................................................................2

*Cordis Corp. v. Medtronic Vascular, Inc.*,
  No. 97-550, 2005 WL 885381 (D. Del. Feb. 28, 2005), *rev'd in part on other grounds sub nom. Cordis Corp. v. Medtronic Ave, Inc.*, 511 F.3d 1157 (Fed. Cir. 2008) .............................3

*Fedorczyk v. Caribbean Cruise Lines, Ltd.*,
  82 F.3d 69 (3d Cir. 1996) ..........................................................................................................5

*Howard v. Offshore Liftboats, LLC*,
  No. 13-4811, 2016 WL 316716 (E.D. La. Jan. 26, 2016) ......................................................4, 5

*HSM Portfolio LLC v. Elpida Memory Inc.*,
  11-770-RGA, D.I. 1220 (D. Del. Feb. 17, 2016) (Andrews J.) .................................................2

*HTC Corp. v. Ericsson*,
  6:18-CV-00243-JRG, D.I. 447 (E.D. Tex. Feb. 8, 2019) ..........................................................3

*HTC Corp. v. Tech. Properties Ltd.*,
  5:08-CV-00882-PSG, 2013 WL 4782598 (N.D. Cal. Sept. 6, 2013) ........................................8

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
  No. 2:12–cv–525, 2015 WL 1518099 (E.D. Va. Mar. 31, 2015) .............................................8

*Inventio AG v. Thyssenkrupp Elevator Corp.*,
  C. A. No. 08–874–RGA, 2014 WL 554853 (D. Del. Feb. 6, 2014) .........................................8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  1-18-cv-00452, D.I. 534 (D. Del. Jun. 27, 2022) ......................................................................1

*Kennedy v. Adamo*,
    No. 1:02-CV-01776-ENV-RML, 2006 WL 3704784 (E.D.N.Y. Sept. 1, 2006), aff'd, 323 F.
    App'x 34 (2d Cir. 2009)..................................................................................................5

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
    694 F.3d 51 (Fed. Cir. 2012)......................................................................................2, 7

*Lighting Ballast Control, LLC v. Philips Elecs. N. Am. Corp.*,
    C. A. No. 7:09–CV–29–O, 2011 WL 7575006 (N.D. Tex. June 10, 2011) ...............8

*Lucent Techs. Inc. v. Gateway, Inc.*,
    No. 02-2060, 2007 WL 1306539 (S.D. Cal. Apr. 30, 2007).........................................3

*Mass Engineered Design, Inc. v. SpaceCo Bus. Sols., Inc.*,
    16-CV-01904-RM-MJW, 2017 WL 4334075 (D. Colo. May 2, 2017)........................3

*Mobile Telecommunications Tech., LLC v. Sprint Nextel Corp., et al.*,
    No. 2:12–cv–832–JRG–RSP, 2014 WL 5816106 (E.D. Tex. Nov. 7, 2014) ............8

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*,
    CV 08-309-LPS, 2018 WL 5631531 (D. Del. Oct. 31, 2018) .....................................3

*Prism Techs. LLC v. Sprint Spectrum L.P.*,
    849 F.3d 1360 (Fed. Cir. 2017)....................................................................................2

*Sprint Communications Co., L.P. v. Time Warner Cable, Inc.*,
    760 Fed. App'x 977 (Fed. Cir. 2019), cert. denied, 140 S. Ct. 467 (2019) ...........1, 2

*TEK Global, S.R.L. v. Sealant Systems Int'l, Inc.*,
    920 F.3d 777 (Fed. Cir. 2019).......................................................................................6

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011)................................................................................7, 8

*Versata Software, Inc. v. SAP Am., Inc.*,
    717 F.3d 1255 (Fed. Cir. 2013).....................................................................................7

*Viasat, Inc. v. Space Systems/Loral, Inc.*,
    No. 3:12-CV-00260-H (WVG), 2014 WL 3896073 (S.D. Cal. Aug. 8, 2014) ..........6

*VirnetX Inc. v. Apple Inc.*,
    6:12-CV-855, 2016 WL 4063802 (E.D. Tex. Jul. 29, 2016) .......................................3

*XpertUniverse Inc. v. Cisco Sys. Inc.*,
    1-09-cv-00157-RGA, D.I. 608 (D. Del. Feb. 28, 2013) ..............................................6

**OTHER AUTHORITIES**

Rule 402 ...................................................................................................................................1

<2.0:oneline>
<2.0:oneline>
<2.0:oneline>
<2.0:oneline>
<2.0:oneline>

<2.0:oneline>
<2.0:oneline>

<2.0:oneline>

<2.0:oneline>

<2.0:oneline>

<2.0:oneline>

<2.0:oneline>

<2.0:oneline>

<2.0:oneline>

Rule 403 .................................................................................................................................1, 2, 3, 8

### III. Evidence of Mediacom's total VoIP profits and revenues

Any reference, evidence or argument related to Mediacom's total VoIP profits and revenues should be excluded because such evidence is irrelevant and highly prejudicial.

The Entire Market Value Rule "allows a patentee to assess damages based on the entire market value of the accused product only where the patented feature creates the 'basis for customer demand' or 'substantially create[s] the value of the component parts.'" *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011) (citations omitted). The Federal Circuit has also held that only "[i]f it can be shown that the patented feature drives the demand for an entire multi-component product, a patentee may be awarded damages as a percentage of revenues or profits attributable to the entire product." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 67 (Fed. Cir. 2012) (emphasis added); *see also Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1268 (Fed. Cir. 2013). Sprint has not shown, and does not even contend, that the patented feature drives demand for the accused VoIP telephony services or that the Entire Market Value Rule applies. Thus, Mediacom's total revenues or profits attributable to the accused provision of VoIP telephony cannot be used to calculate a damages award to Sprint, and have no other relevance before the jury. Allowing the introduction of evidence of Mediacom's VoIP revenues and profits, when the entire market value rule does not apply, "cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue." *Uniloc*, 632 at 1320; *see also LaserDynamics,* 694 F.3d at 67-68 ("Admission of such overall revenues, which have no demonstrated correlation to the value of the patented feature alone, only serve to make a patentee's proffered damages amount appear modest by comparison, and to artificially inflate the jury's damages calculation beyond that which is adequate to compensate for the infringement.") (quotations omitted).

Moreover, even if Mediacom's VoIP profit and revenue figures were relevant, the

7

prejudicial effects of introducing such evidence would substantially outweigh any probative value such evidence might have. Fed. R. Evid. 403. Recognizing the prejudice associated with introducing total revenue numbers, Sprint has agreed to a mutual motion *in limine* preventing the parties from referencing either parties' total profits and revenues in front of the jury. Ex. G, July 29, 2022 E-mail from R. Schletzbaum to R. Vu. References to Mediacom's VoIP revenues and profit would similarly impermissibly influence the jury and unfairly prejudice Mediacom. Indeed, courts have often held that the probative value, if any, of evidence of a company's revenue or wealth is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury, necessitating exclusion. *Uniloc*, 632 at 1319 (upholding district court's grant of new trial because plaintiff's evidence as to defendant's total revenues and wealth was "irrelevant" and "tainted" the jury's damages award); *HTC Corp. v. Tech. Properties Ltd.*, 5:08-CV-00882-PSG, 2013 WL 4782598, at *6 (N.D. Cal. Sept. 6, 2013) ("the probative value of HTC's size, wealth, or overall revenues is substantially outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury necessitating its exclusion under Rule 403."); *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, C. A. No. 2:10-cv-248, 2011 WL 7036048, at *4 (E.D. Va. July 5, 2011) (precluding references to defendant's total corporate revenues, profits, and other financial metrics); *Inventio AG v. Thyssenkrupp Elevator Corp.*, C. A. No. 08–874–RGA, 2014 WL 554853, at *3 (D. Del. Feb. 6, 2014) (precluding discussion of the revenues of the defendant); *Lighting Ballast Control, LLC v. Philips Elecs. N. Am. Corp.*, C. A. No. 7:09–CV–29–O, 2011 WL 7575006, at *8 (N.D. Tex. June 10, 2011) (granting motion in limine precluding reference to annual revenues); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12–cv–525, 2015 WL 1518099, at *13 (E.D. Va. Mar. 31, 2015) (granting motion in limine barring "reference to [defendant's] valuation, revenues, profitability, and cash reserves"); *Mobile*

8

*Telecommunications Tech., LLC v. Sprint Nextel Corp., et al.*, No. 2:12–cv–832–JRG–RSP, 2014 WL 5816106, at *3 (E.D. Tex. Nov. 7, 2014) (granting motion in limine barring reference to defendant's "overall company revenues, and/or the entire market value of [defendant's] accused sales). Because admission of evidence of Mediacom's total VoIP profits and revenues carries a substantial risk of skewing the damages horizon and unfairly prejudicing Mediacom, such evidence should be excluded.

Dated: August 12, 2022

*Of Counsel*:

Robinson Vu
Roger Fulghum
Natalie Alfaro Gonzales
Lindsay Volpenhein Cutié
Amy E. Bergeron
Lori Ding
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
(713) 229-1234

 */s/ Andrew Mayo*
Stephen J. Balick (2114)
Andrew C. Mayo (5207)
ASHBY & GEDDES
500 Delaware Ave, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
SBalick@ashbygeddes.com
AMayo@ashbygeddes.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 12th day of August, 2022.

*/s/ Andrew Mayo*
Andrew C. Mayo (5207)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) C.A. No. 17-1736 (RGA) ) |
| v. | ) ) |
| MEDIACOM COMMUNICATIONS CORP. | ) ) ) |
| Defendants. | ) |

**SPRINT'S OPPOSITION TO MEDIACOM'S MOTIONS IN *LIMINE*** 

OF COUNSEL:

B. Trent Webb
Ryan J. Schletzbaum
Ryan D. Dykal
John D. Garretson
Jordan T. Bergsten
Aaron E. Hankel
Lauren E. Douville
Mark D. Schafer
Maxwell C. McGraw
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

Robert H. Reckers
Michael W. Gray
SHOOK, HARDY & BACON L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 3400

POLSINELLI PC
Stephen J. Kraftschik (#5623)
Christina B. Vavala (#6135) 222
Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
cvavala@polsinelli.com

*Attorneys for Plaintiff Sprint
Communications Company L.P.*

i

# **TABLE OF CONTENTS**

**I.     Sprint Response to Mediacom MIL #1: Reference to Verdicts and Settlements ............ 1**

**II.    Sprint's Response to Mediacom MIL #2: "Unreliable and speculative documents and testimony regarding Sprint's capacity to offer wholesale VoIP services." ....................... 4**

**III.   Sprint's Response to Mediacom MIL #3: "Evidence of Mediacom's total VoIP profits and revenues." .................................................................................................................. 7**

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Applied Med. Res. Corp. v. U.S. Surgical Corp.*,
  435 F.3d 1356 (Fed. Cir. 2006)..................................................................................................2

*ART+COM Innovationpool GmbH v. Google*,
  155 F. Supp. 3d 489, 510-11 (D. Del. 2016) (Andrews, J.).......................................................6

*AVM Techs. LLC v. Intel Corp.*,
  15-00033-RGA, 2017 WL 2938191 (D. Del. Apr. 20, 2017).....................................................2

*Coleman Motor Co. v. Chrysler Corp.*,
  525 F.2d 1338 (3d Cir. 1975).....................................................................................................3

*Emcore Corp. v. Optium Corp.*,
  2009 WL 3381809 (W.D. Pa. 2009) ..........................................................................................5

*FloodBreak, LLC v. Art Metal Indus., LLC*,
  No. 3:18-CV-503 (SRU), 2020 WL 6060974 (D. Conn. Oct. 13, 2020)...............................7, 9

*In re Tonopah Solar Energy, LLC*,
  No. 20-11844 (KBO), 2022 WL 982558 (D. Del. Mar. 31, 2022) ............................................6

*Johns Hopkins University v. Alcon Laboratories Inc.*,
  2018 WL 4178159 (D. Del. 2018) .............................................................................................4

*Jones Lang LaSalle Americas, Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No.*,
  338 F. Supp. 3d 381, 385 (D. Del. 2018)...................................................................................5

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012)..................................................................................................3, 7

*Mass Engineered Design, Inc. v. SpaceCo Bus. Sols., Inc.*,
  16-01904, 2017 WL 4334075 (D. Colo. May 2, 2017) .........................................................3, 4

*Prism Techs. LLC v. Sprint Spectrum L.P.*,
  849 F.3d 1360 (Fed. Cir. 2017)..................................................................................................3

*Simpson Performance Prod., Inc. v. NecksGen Inc.*,
  No. 18-01260, 2019 WL 4187463 (S.D. Cal. Mar. 25, 2019) ...................................................2

*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*,
  760 F. App'x 977 (Fed. Cir. 2019) .......................................................................................2, 3

*TEK Global, S.R.L. v. Sealant Systems Internat'l, Inc.*,
  920 F.3d 777 (Fed. Cir. 2019) ................................................................................. 5, 6

*United States v. Krasley*,
  No. 21-1364, 2022 WL 2662045 (3d Cir. July 11, 2022) ........................................... 2

*WCM Indus., Inc. v. IPS Corp.*,
  721 F. App'x 959 (Fed. Cir. 2018) ............................................................................ 2

*Yarway Corp. v. Eur-Control USA, Inc.*,
  775 F.2d 268 (Fed. Cir. 1985) .................................................................................. 5

### III.  Sprint's Response to Mediacom MIL #3: "Evidence of Mediacom's total VoIP profits and revenues."

Mediacom's motion to exclude "[a]ny reference, evidence or argument related to Mediacom's total VoIP profits and revenue" retreads arguments already rejected by this Court (D.I. 572 at 25–30), and ignores relevance to Dr. Mangum's damages calculations. The Court should deny Mediacom's motion because the revenue and profits earned from its VoIP product— the accused services—are unquestionably relevant to both of Dr. Mangum's damages models, and presenting the evidence to the jury will not unfairly prejudice Mediacom.

First, Mediacom argues that reference to its VoIP profits and revenue should be excluded based on *LaserDynamics* and the entire market value rule progeny of cases. Mediacom Op. Br. at 7. But Dr. Mangum does not advance an entire market rule opinion in this case. Instead, Dr. Mangum analyzes Sprint's lost profits and employs an analytical approach to calculate damages— both of which consider Mediacom's total VoIP profits and revenue. For his lost profits opinions,



. Ex. 14, Mangum Rpt. at ¶ 71. Specifically, ▮

▮

▮.

*Id.* at ¶ 71, Ex. 3. In addition to his calculations, the evidence was used, in part, to show that ▮. Mediacom's total VoIP profits and revenue are relevant to both Dr. Mangum's calculations and overall assessment of Sprint's lost profits. Given its relevance, the introduction of this evidence would not be unfairly prejudicial to Mediacom. Instead, it would aid the jury in understanding the full basis for and evidence considered by Dr. Mangum to form his lost profits opinions. Similarly, Dr. Mangum employs Mediacom's total VoIP profits and revenue as consideration in his analytical approach.

7

Here, ███████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████. Indeed, the real-world profits and revenue realization by Mediacom for its VoIP service demonstrates the reasonableness of Dr. Mangum's ultimate royalty determination. Thus, in the context of Dr. Mangum's analytical approach, he can present evidence of Mediacom's total VoIP profits and revenue to the jury without unfair prejudice as well.

In addition to his affirmative reliance on Mediacom's VoIP profits and revenue, Dr. Mangum should also be able to rely upon this evidence to respond to arguments raised by Mediacom. Should Mediacom challenge the size and scope of Dr. Mangum's lost profits and analytical approach damages numbers—or the overall affordability or reasonableness of Sprint's damages demand—Dr. Mangum should be permitted to demonstrate the full scope of what he considered when arriving at his conclusions. Indeed, this is one of the reasons Dr. Mangum included exhibits on Mediacom's aggregate VoIP profits and revenues—to demonstrate that he considered all of the relevant financial data points and that his opinions account for those.

Finally, Mediacom conflates Dr. Mangum's reference to Mediacom's VoIP profits and revenue—the specific service accused of infringement in this case—with consideration of Mediacom's companywide profits and revenue. Mediacom Op. Br. at 7–8. Of course, as Mediacom points out, Sprint agrees that reference to either party's universal profits and revenues for all products and services sold by either company should not be presented to the jury. But that is not what Mediacom seeks to exclude here—it wants to extend Sprint's agreement a step further. Citing only cases concerning the exclusion of defendants' overall financial strength, Mediacom invites this Court to extend those rulings to exclude Dr. Mangum's consideration of and reliance

on profits and revenues narrowly related to the specific accused service at issue in this case. Mediacom Op. Br. at 7–8. The Court should decline this invitation, especially where the cited case law does not support such an expansive approach. For instance, in *Mobile Telecommunications Technology, LLC v. Sprint Nextel Corporation*, the defendant sought exclusion of reference to defendant's "size, wealth, market capitalization, cash balance, and overall company revenues." No. 12-cv-832-RSP, 2014 WL 5816108, at *3 ((E.D. Tex. Nov. 7, 2014). Defendant also sought to exclude reference to "revenues and profits attributed to the accused products" under the entire market value rule progeny of case because plaintiff's expert conceded in his report that the data was "not relevant to his analysis."[11] Dkt. No. 315-1, Defs.' Supp. Authority In Support of MIL No. 2, at 7–8. But as explained above, none of Dr. Mangum's opinions relied on the entire market value rule, and he specifically incorporated the accused products profits and revenues as data points and comparisons in his lost profits and analytical approach analyses. Notably, the Court already rejected the defendants' joint challenge to Dr. Mangum's use of total VoIP profits and revenues in these approaches. Dkt. 572 at 25–30 (denying defendants' motion to exclude all of Dr. Mangum's lost profits and analytical approach opinions for not properly apportioning out the value of other technology from total VoIP profits and revenues, and stating that defendants could address their disagreement with apportionment on cross-examination). Because, unlike the plaintiff's expert in *Mobile Telecommunications*, Dr. Mangum affirmatively relied on the accused service profits and revenues to provide lost profits and analytical approach opinions, the Court should deny Mediacom's motion for the same reasons in its *Daubert* order and instruct Mediacom to address its disagreements on cross-examination.

---

[11] While the Court granted Defendant's motion, it did not completely foreclose plaintiff's expert from referencing the revenues and sales of the accused products. Instead, the Court required leave from the Court, outside the presence of the jury, before plaintiff's expert could do so. *Id.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,<br>    *Plaintiff,*<br><br>    v.<br><br>MEDIACOM COMMUNICATIONS CORP.,<br>    *Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 17-1736-RGA<br>CONFIDENTIAL – FILED<br>UNDER SEAL |

**<u>MEDIACOM'S REPLY IN SUPPORT OF ITS MOTIONS IN LIMINE</u>**

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Beatrice Co. v. New England Printing & Lithographing Co.*,
    899 F.2d 1171 (Fed. Cir. 1990) (*en banc*) .................................................................................3

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
    No. 2:12–cv–525, 2015 WL 1518099 (E.D. Va. Mar. 31, 2015) .............................................3

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
    694 F.3d 51 (Fed. Cir. 2012)......................................................................................................3

*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*,
    706 F. App'x 977 (Fed. Cir. 2019) ...........................................................................................1

*XpertUniverse Inc. v. Cisco Sys. Inc.*,
    1-09-cv-00157-RGA, D.I. 608 (D. Del. Feb. 28, 2013) ...........................................................2

**III.     Evidence of Mediacom's total VoIP profits and revenues**

Mediacom's VoIP profits are not relevant to either of Sprint's damages models. Moreover, Mediacom would be unduly prejudiced by introduction of its VoIP profits and revenues because it is clear that Dr. Mangum's damages models utilized Mediacom's VoIP profits solely to get those large numbers in front of the jury to make its damages requests look reasonable in comparison.

***Mediacom's VoIP profits*** are not relevant to ***Sprint's lost profits***. *See Beatrice Co. v. New England Printing & Lithographing Co.*, 899 F.2d 1171, 1174-76 (Fed. Cir. 1990) (*en banc*) (district court erred in equating the defendant's gross sales with the patentee's lost profits damages). Nor are they relevant to Sprint's analytical approach model either, which is intended to measure the difference in the cost of providing VoIP over the non-infringing circuit-switched phone product. Mediacom's VoIP profits and revenues are not relevant to that calculation.

Finally, even if Mediacom's VoIP profits and revenues are tangentially relevant to Sprint's damages models, Mediacom would be unfairly prejudiced by introduction of these numbers in front of the jury. Sprint clearly intends to introduce Mediacom's large VoIP profits and revenues to unfairly imply to the jury that Mediacom can afford a large verdict. *LaserDynamics, Inc. v. Quanta Computer, Inc.,* 694 F.3d 51, 67-68 (Fed. Cir. 2012) ("Admission of such overall revenues…only serve to make a patentee's proffered damages amount appear modest by comparison and to artificially inflate the jury's damages calculation."). Moreover, Sprint's opposition argues the other relevant caselaw cited by Mediacom related only to "exclusion of defendants' overall financial strength," but that is untrue. *See, e.g, Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12–cv–525, 2015 WL 1518099, at *13 (E.D. Va. Mar. 31, 2015) (court "barred [the patentee] from relying on the total revenue or sales of Defendants' accused products."). Because admission of Mediacom's VoIP profits and revenues are not relevant and would be unduly prejudicial, Mediacom's MIL should be granted.

3

Dated: September 2, 2022

*Of Counsel*:

G. Hopkins Guy, III
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007
(650) 739-7500

Roger Fulghum
Robinson Vu
Natalie Alfaro Gonzales
Lindsay Volpenhein Cutié
Amy E. Bergeron
Charles Stephen Maule
Lori Ding
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995

  */s/ Andrew Mayo*
Stephen J. Balick (2114)
Andrew C. Mayo (5207)
ASHBY & GEDDES
500 Delaware Ave, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
SBalick@ashbygeddes.com
AMayo@ashbygeddes.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 2nd day of September, 2022.

  */s/ Andrew Mayo*
  Andrew C. Mayo (5207)