IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 17-1736 (RGA) |
| MEDIACOM COMMUNICATIONS CORP., | ) ) | **PUBLIC VERSION** |
| Defendant. | ) ) | |

**SPRINT'S MOTION *IN LIMINE* II AND ASSOCIATED BRIEFING:
MOTION TO EXCLUDE TESTIMONY FROM DAVID BARAN AND WILLIAM
GALLAGHER BEYOND THEIR PERSONAL KNOWLEDGE AND TO EXCLUDE
EVIDENCE CONCERNING PAUL BARAN'S PROJECTS OTHER THAN COM21**

OF COUNSEL:

B. Trent Webb
Ryan J. Schletzbaum
Ryan D. Dykal
John D. Garretson
Jordan T. Bergsten
Aaron E. Hankel
Lauren E. Douville
Mark D. Schafer
Maxwell C. McGraw
Samuel J. LaRoque
Thomas M. Patton
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

Robert H. Reckers
Michael W. Gray
SHOOK, HARDY & BACON L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002
(713) 227-8008

POLSINELLI PC
Stephen J. Kraftschik (#5623)
Christina B. Vavala (#6135)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
cvavala@polsinelli.com

*Counsel for Plaintiff Sprint Communications
Company L.P.*

Original Filing Date: September 28, 2022
Redacted Filing Date: October 6, 2022

II.   **MOTION TO EXCLUDE TESTIMONY FROM DAVID BARAN AND WILLIAM GALLAGHER BEYOND THEIR PERSONAL KNOWLEDGE AND TO EXCLUDE EVIDENCE CONCERNING PAUL BARAN'S PROJECTS OTHER THAN COM21.**

Pursuant to FED. R. EVID. 402 and 403, Sprint moves to exclude Mediacom from referencing or offering evidence from the depositions of David Baran and William Gallagher that (1) goes beyond their personal knowledge, or (2) references the reputation of Paul Baran ("Mr. Baran") as the "inventor of packet switching" or any projects other than Com21.[5] Mediacom should not be permitted to suggest that Mr. Baran's achievements on other, irrelevant projects supports Mediacom's argument that his Com21 work included each aspect of Sprint's asserted claims. Because details of Mr. Baran's life and unrelated work are not probative as to the content of the allegedly invalidating evidence—specifically, U.S. Patent No. 5,544,164 ("the'164 patent") and/or the Com21 System —such evidence should be excluded.

First, Mediacom should be precluded from offering testimony beyond the witnesses' personal knowledge. In a related case in this District, Sprint's motion *in limine* to preclude this very evidence was granted in relevant part. *See Sprint v. Cox*, Civ. No. 12-487-JFB (D. Del.), D.I. 680, D.I. 700; Ex. C, *Sprint v. Cox* Pretrial Tr. (Nov. 17, 2017) at 118:9–16 ("David Barron [*sic*] can testify about what David Barron [*sic*] knows . . . [he] can't intercede or intermediate or do a séance for his dad, so he can't testify about what he doesn't personally know."). Testimony regarding events and documents prior to December 1998, when David Baran joined Com21, as well as events and documents related to his father's technological ideas and business activities from the 1960s to the early 1980s, that took place before he was born and/or during his childhood,

---

introduce evidence of all its other agreements involving a license or release to the asserted patents.

[5] Sprint separately moves to exclude the entire Com21 System as prior art.  Should that motion be granted, the testimony from David Baran and William Gallagher is not relevant to any remaining issue as they are not inventors on the '164 patent, which speaks for itself.

were excluded.[6] *Id.*; *see also York Int'l Corp. v. Liberty Mut. Ins. Co.*, No. 1:10-CV-0692, 2015 WL 4162981, at *5 (M.D. Pa. July 9, 2015) (striking witness testimony for lack of personal knowledge because "he was not employed by [the company] until several years later, [and] any averments by [the witness] . . . based on [the company'] practices is purely speculative."); *Vesom v. Atchison Hosp. Ass'n*, 279 F. App'x 624, 632–33 (10th Cir. 2008) (excluding a declaration when it was not based on declarant's "personal knowledge"). Similarly, Mediacom's designations include testimony from Mr. Gallagher, Com21's vice president of sales, regarding technical features of the Com21 System, which he openly admits is "not [his] area of expertise" and has no personal knowledge of. (Ex. E, Gallagher Tr. at 12:15–22, 91:10, 183:9–13.) For the same reasons as set forth in the *Cox* case, Mediacom's testimonial evidence from David Baran and Mr. Gallagher is therefore inadmissible. *Cox*, Civ. No. 12-487-JFB, D.I. 700.

Second, on its trial exhibit list, Mediacom designates evidence that pertains to Mr. Baran but is not related to Mediacom's invalidity theories. For example, Mediacom identified several articles from the 1960s[7] and listed various documents from Mr. Baran's prior projects and companies, such as PacketCable.[8] Mediacom also designated portions of David Baran's testimony discussing his father's work with RAND, ARPANET, Packet Technologies/PacketCable, and StrataCom,[9] as well as testimony referring to his father as the inventor of packet switching.[10] All of this evidence is irrelevant and prejudicial to the jury's consideration of what is disclosed by the

---

[6] *See, e.g.*, Ex. F, Baran Tr. at 18:21–20:3, 21:23–22:15, 22:23–23:7, 31:1–12, 13:23–25.
[7] *See* Ex. G, DTX21, Paul Baran, "On Distributed Communications (1964); DTX22, "On Distributed Communications Networks," The RAND Corp. (Sept. 1962).
[8] *See, e.g.*, Ex. H, DTX20, Paul Baran, "Packetcable: A New Interactive Cable System Technology" (1982).
[9] *See, e.g.*, Ex. F, Baran Tr. at 18:21–19:22 (discussing RAND); 21:23–22:15 (discussing ARPANET); 22:23–23:7 (discussing PacketCable/Packet Technologies); 29:10–18 (discussing StrataCom).
[10] *See, e.g.*, Ex. F, Baran Tr. at 19:23–20:3; 22:9–10.

allegedly invalidating '164 patent and Com21 System under FED. R. EVID. 402 and 403. In particular, it would confuse the jury into believing that his innovations extended to the claimed invention and cloud the jury's perception as to what evidence is actually relevant. *See Advanced Cardiovascular Sys. v. Medtronic Vascular, Inc.*, 485 F. Supp. 2d 519, 535 (D. Del. 2007) (excluding evidence of prior works as irrelevant to any references relied upon for invalidity); *Magnivision, Inc. v. Bonneau Co.*, 115 F. 3d 956, 961 (Fed. Cir. 1997) (explaining that evidence with an "undue tendency to suggest decision on an improper basis" should be excluded under 403).

In *Cox*, the court excluded evidence of Mr. Baran's achievements and projects dated before his work at Com21, stating that "[w]e're here just to argue about the patents, not . . . how many awards [somebody] had or what a wonderful human being they are." Ex. C, *Sprint v. Cox* Pretrial Tr. at 114:24–115:3; *see also Cox*, Civ. No. 12-487-JFB, D.I. 700. For the same reasons the *Cox* court sustained Sprint's similar motion, Mediacom should not be permitted to submit evidence of projects not alleged to invalidate the patents-in-suit. *See id.*; *see also Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 597 F. Supp. 2d 897, 921 (N.D. Iowa 2009) (excluding evidence that would "confuse or mislead the jury about what is actually relevant to [the] invalidity defense"). The danger of prejudice is particularly apparent here because Mediacom's evidence illustrates an effort to portray Mr. Baran as the famed inventor of packet switching, which would have absolutely no bearing on the relevant question in this case, namely whether Mr. Baran arrived at the same methods for setting up telephone calls as claimed by Sprint's inventor, Mr. Joseph Christie. Therefore, Mediacom should be excluded from offering evidence directed to Mr. Baran's irrelevant work history and purported status as the inventor of packet switching. Because this evidence is not probative as to the content of the allegedly invalidating '164 patent, it should be excluded under FED. R. EVID. 402 and 403.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) | |
| *Plaintiff,* | ) ) | Case No. 17-1736-RGA |
| v. | ) ) | CONFIDENTIAL – FILED UNDER SEAL |
| MEDIACOM COMMUNICATIONS CORP., | ) ) | |
| *Defendants* | ) ) ) | |

<u>**MEDIACOM'S OPPOSITION TO SPRINT'S MOTION IN LIMINE II**</u>

## II.     Testimony by David Baran and William Gallagher is relevant and admissible

Mediacom relies upon a 1992 patent issued to Paul Baran and the related commercial offering of his company, Com21, as prior art. David Baran (Paul's son) and William Gallagher, both Com21 employees, testified about the work of Paul Baran and the commercial offering of Com21. Ex. I, Baran Tr.; Ex. J, Gallagher Tr. Sprint's MIL #2 asks the Court to employ a double standard: allow Sprint to tell the jury that Joe Christie, the deceased named inventor on the Asserted Patents, was a "unique expert" who innovated in packet and circuit switching, but preclude Mediacom from offering evidence that Paul Baran—whose work preceded and was, in reality, foundational to Christie's—had the same or greater expertise, which led him to develop the Com21 system. Such evidence is relevant to the knowledge of a person of ordinary skill, the state of the art, and Sprint's outsized claims regarding its own inventor, and thus is admissible.

First, Sprint seeks to exclude Baran's and Gallagher's testimony as outside of their personal knowledge. This issue, however, is moot because Mediacom already agreed to "limit the use of David Baran and Gallagher's deposition testimony to their personal knowledge." Ex. K, R. Vu E-mail to R. Schletzbaum on Aug. 2, 2022. This is entirely consistent with the court's non-binding ruling in *Sprint v. Cox*, No. 12-47-JFB (D. Del.), upon which Sprint heavily relies. In fact, Mediacom has not even designated some of the testimony that Sprint apparently seeks to exclude. *Compare* Ex. L, Mediacom's Dep. Des. *with* Sprint's MIL at p. 5. Rather than throwing out the baby with the bathwater now, Sprint can object at trial to any *specific* testimony Mediacom intends to use.

In any event, David Baran's personal knowledge is considerable and directly relevant. As a former Com21 executive, he will confirm that Com21 commercially implemented the technology disclosed in his father's prior art patent. *See, e.g.*, Ex. I, Baran Dep. Tr., 32:5-16, 13:6-14:12, 33:24-34:15, 63:9-64:20. And as the custodian and administrator of his father's papers, he will provide

foundation for several Com21 documents. *Id*. at 49:21-51:23. Although most heavily involved at Com21 after 1998, he also has personal knowledge of relevant facts based on his contemporaneous knowledge of his father's activities, concurrent discussions with his father and colleagues, and review of documents. *Id*. at 32:5-16, 49:21-51:23. Likewise, Gallagher has personal knowledge of Com21's development and testing of its commercial product. *See, e.g.*, Ex. J, Gallagher Dep. Tr., 11:22-16:3. Their testimony based on their personal knowledge, whether acquired from documents or from others working at Com21, is admissible. *See Agfa—Gevaert, A.G. v. A.B. Dick Co.,* 879 F.2d 1518, 1523 (7th Cir. 1989) ("knowledge acquired through others may still be personal knowledge within the meaning of Fed. R. Evid. 602").[6] Sprint is not prejudiced by the testimony of either of these individuals either. Sprint had the opportunity to cross-examine them, will have the opportunity to admit contradicting evidence to the extent it exists, and may object at trial to any testimony it believes is objectionable.

Next, Sprint seeks to exclude evidence of Paul Baran's prior history and his reputation as the inventor of packet-switching. But that information is relevant to the state of the art and the knowledge of a person of ordinary skill in the art. Sprint has broadly claimed that its own inventor Christie invented interconnection between packet (internet-type) networks and the PSTN. D.I. 1 at ¶¶7-12. Baran's early work includes foundational work in that field from the 1960s and the first efforts in the mid-1980s to interconnect packet cable networks with the PSTN. Ex. I, Baran Dep. Tr., 16:16-17:6, 18:21-20:3. This early work (along with equally pioneering work on ARPANET) framed the

---

[6] *See also York Int'l Corp. v. Liberty Mut. Ins. Co.,* No. 1:10-CV-0692, 2015 WL 4162981 *5 (M.D. Pa. July 9, 2015) ("review of documents [preceding the date of employment] may give [a declarant] personal knowledge" of those facts); *In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig.,* 870 F. Supp. 1293, 1303-04 (E.D. Pa. 1992) (holding because employee had reviewed company documents and vouched for their truthfulness, he had sufficient personal knowledge of the facts).

state of the art at the time of both Christie's putative inventions and Baran's invalidating inventions. *Id*. at 21:23-22:15, 22:23-23:7. Sprint itself has admitted that "[t]here's no question in the case law that you're allowed to present testimony in an invalidity case about the knowledge of a skilled artisan." Ex. M, *Comcast v. Sprint,* Case No. 12-cv-859-JD (E.D. Pa. Feb. 6, 2017). And indeed, Sprint did so in the *TWC* trial. Ex. N, *TWC* Tr. (Feb. 13, 2017) at 198-228 (discussing history of innovation preceding Sprint's alleged invention).

Baran's history is particularly relevant given Sprint's efforts to portray its' inventor as the supposed "inventor of VoIP." Sprint has consistently characterized Christie as the man who single-handedly enabled interoperability between packet networks and the PSTN, D.I. 1 at ¶¶7-12. In the *Vonage* trial, Sprint claimed that Christie "was a unique expert" in both "how these big switches talked to one another" and "data networks." Ex. O, *Vonage* Trial Tr. (Sept. 4, 2007) 6:8-14. And it is the bedrock of Sprint's damages model in this case that Christie's "inventions" are the key innovations that allow VoIP/PSTN telecommunications—even arguing that there is not a non-infringing VoIP phone service. Ex. P, Mangum Rpt., ¶ 94. In fairness, Sprint should not be allowed to portray Christie as the inventor of interoperability between packet networks and the PSTN, while precluding Mediacom from offering evidence showing Baran's prior work related to such capability. Sprint has been on notice that Mediacom intended to rely upon the Com21 system since Defendants' February 2019 Invalidity Contentions. Ex. Q, Initial Invalidity Contentions. Sprint had the opportunity to cross-examine David Baran and Gallagher about Paul Baran's history, its expert opined on the Com21 system, and Sprint can introduce controverting evidence at trial to the extent it exists.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SPRINT COMMUNICATIONS COMPANY          )
L.P.,                                                            )
                                                                     )
                        Plaintiff,                             )
                                                                     )
            v.                                                    )     C.A. No. 17-1736 (RGA)
                                                                     )
MEDIACOM COMMUNICATIONS CORP.,   )
                                                                     )
                        Defendant.                          )

### SPRINT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* II

POLSINELLI PC
Stephen J. Kraftschik (#5623)
Christina B. Vavala (#6135)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
cvavala@polsinelli.com

OF COUNSEL:

B. Trent Webb
Ryan J. Schletzbaum
Ryan D. Dykal
John D. Garretson
Jordan T. Bergsten
Aaron E. Hankel
Lauren E. Douville
Mark D. Schafer
Maxwell C. McGraw
Samuel J. LaRoque
Thomas M. Patton
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

Robert H. Reckers
Michael W. Gray
SHOOK, HARDY & BACON L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002
(713) 227-8008

*Counsel for Plaintiff Sprint Communications
Company L.P.*

September 29, 2022

85335910.1

Consistent with this Court's prior orders, Sprint's MIL is narrow and seeks the exclusion of Baran and Gallagher testimony that is clearly hearsay (no personal knowledge), or otherwise entirely irrelevant to invalidity (Paul Baran's reputation and non-Com21 projects). *See Sprint v. Cox*, No. 1:12-cv-487-JFB, D.I. 700 at 2-3 (D. Del. No. 20, 2017). Mediacom has designated testimony concerning the Com21 project that David Baran, either "had limited involvement with" as an employee, or gleaned from "hearing [his] dad talk about it when [he came] home from business school" prior to joining Com21. Mediacom's Ex. I at 13:23-25, 34:10-15. Mediacom's designated Gallagher testimony is similarly problematic. *See, e.g.*, Sprint's Ex. E at 183:9-13. The Court should exclude such testimony as hearsay, particularly because it concerns contentious and highly technical issues in this case, of which these individuals had no personal knowledge.[4]

Further, Paul Baran's disputable reputation and work history has no bearing on the relevant issues in this case, namely, whether he arrived at the same methods for setting up calls as claims by Sprint's inventor, Mr. Joseph Christie. Mediacom should not be allowed to backdoor irrelevant evidence suggesting that Paul Baran's work on, e.g., ARPANET or packet switching technologies practiced the claimed inventions, or props up its Com21 arguments. Such testimony and evidence would only obfuscate the issues and confuse the jury. *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, 1995 WL 261407, at *2 (N.D. Cal. Apr. 25, 1995); *Jamison v. Olin Corp.-Winchester Div.*, 2005 WL 7213836, at *30 (D. Or. Oct. 4, 2005); *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, 2015 WL 4944514, at *2 (E.D. Tex. Aug. 19, 2015).

---

[4] Mediacom's cases are not persuasive. *Agfa* and *In re Texas*, for example, concerned information learned by employees **during their employment**. *Agfa–Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518, 1523 (7th Cir. 1989), *In re Texas E. Transmission Corp.*, 870 F. Supp. 1293, 1303-04 (E.D. Pa. 1992). And *York*, in fact, found that because the witness "was not employed by [the company] until several years later, any averments by [the witness] regarding what may have happened . . . is purely speculative." *York Int'l Corp. v. Liberty Mut. Ins. Co.*, 2015 WL 4162981, at *5 (M.D. Pa. July 9, 2015).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2022, I caused the foregoing to be electronically

filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all

registered participants.

I further certify that I caused copies of the foregoing document to be served on October 6,

2022, upon the following in the manner indicated:

Steven J. Balick                                   *BY ELECTRONIC MAIL*
Andrew C. Mayo
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
*Attorneys for Defendant Mediacom*
*Communications Corporation*


Robinson Vu                                        *BY ELECTRONIC MAIL*
Natalie Alfaro Gonzales
Lindsay Volpenhein Cutie
Amy E. Bergeron
Charles Stephen Maule
Roger Fulghum
Lori Ding
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1234
*Attorneys for Defendant Mediacom*
*Communications Corporation*


Timothy S. Durst                                   *BY ELECTRONIC MAIL*
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980
(214) 953-6500
*Attorneys for Defendant Mediacom*
*Communications Corporation*

G. Hopkins Guy, III                                          *BY ELECTRONIC MAIL*
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA  94304-1007
(650) 739-7500
*Attorneys for Defendant Mediacom*
*Communications Corporation*

/s/ Stephen J. Kraftschik
_____

Stephen J. Kraftschik (#5623)

2