IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 17-1736 (RGA) ) |
| MEDIACOM COMMUNICATIONS CORP., | ) **PUBLIC VERSION** ) |
| Defendant. | ) ) |

**SPRINT'S MOTION *IN LIMINE* III AND ASSOCIATED BRIEFING:
MOTION TO EXCLUDE REFERENCE AND ARGUMENT TO THE COM21 SYSTEM**

OF COUNSEL:

B. Trent Webb
Ryan J. Schletzbaum
Ryan D. Dykal
John D. Garretson
Jordan T. Bergsten
Aaron E. Hankel
Lauren E. Douville
Mark D. Schafer
Maxwell C. McGraw
Samuel J. LaRoque
Thomas M. Patton
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

Robert H. Reckers
Michael W. Gray
SHOOK, HARDY & BACON L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002
(713) 227-8008

Original Filing Date: September 28, 2022
Public Filing Date: October 6, 2022

POLSINELLI PC
Stephen J. Kraftschik (#5623)
Christina B. Vavala (#6135)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
cvavala@polsinelli.com

*Counsel for Plaintiff Sprint Communications Company L.P.*

### III. MOTION TO EXCLUDE REFERENCE AND ARGUMENT TO THE COM21 SYSTEM.

Sprint moves to exclude evidence from Mediacom related to the Com21 System under FED. R. EVID. 402 and 403. In this case, Mediacom's invalidity arguments rely, in part, on the '164 patent to Paul Baran. To bolster its contentions as to the '164 patent, Mediacom relies on later efforts by Mr. Baran's company, Com21, to allegedly commercialize the subject matter of the '164 patent. However, there is no evidence that the Com21 System is prior art under either 35 U.S.C. §§ 102(a) or 102(g)(2). Thus, the Com21 evidence is irrelevant and will only confuse the jury.

With respect to § 102(a), Mediacom's primary technical evidence regarding Mr. Baran's work dated prior to Sprint's patents is the '164 patent.[11] Because this patent lacks a complete disclosure for the allegedly invalidating system, Mediacom's expert relies on documents describing the Com21 System dated well after the filing of Sprint's patents[12] on May 5, 1994 and September 8, 1995.[13] The Com21 System is, therefore, not prior art because there is no evidence the complete system was "described in a printed publication, in public use, on sale, or otherwise available to the public before the effective filing date" for Sprint's inventions. § 102(a). Further, there is no evidence the Com21 System actually contained each element of the asserted claims prior to the effective filing dates of Sprint's patents. Indeed, the evidence Mediacom and its expert rely on for the functionality of the Com21 System relate to attempted commercialization in 1998

---

[11] Mediacom has designated four documents purportedly from 1993. See DTX06–DTX09. These documents, like the Baran '164 patent, lack full disclosures of a system containing each of the claim limitations and are too early to support invalidity theories based on Com21's much later commercialization efforts.

[12] See DTX10–DTX14.

[13] Sprint's position is the Call Control Patents were conceived in Oct. 1993 and the Broadband Patents were conceived in June 1994. But for purposes of this motion, Mediacom cannot demonstrate the Com21 System is prior art as of May 5, 1994, the earliest claimed filing date for the Call Control Patents or Sept. 8, 1995, the earliest claimed filing date for the Broadband Patents.

(or later),[14] well after Sprint filed applications for the asserted patents.[15] The Com21 System is, therefore, not prior art under § 102(a), and to the extent Mediacom contends the system is described in the '164 patent, then all later evidence of the system should be excluded as cumulative, unnecessary, and likely to cause confusion as to the proper *prior art* inquiry.[16]

Second, the Com21 System should be excluded because the alleged system is also not prior art under 35 U.S.C. § 102(g)(2). *See Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1036 (Fed. Cir. 2001). For Mediacom to establish the Com21 System is prior art under § 102(g), as its expert opines, Mediacom must establish "(1) it reduced its invention first . . ., or (2) it was the first party to conceive of the invention and then exercised reasonable diligence in reducing the invention to practice." *Solvay S.A. v. Honeywell Int'l, Inc.*, 622 F.3d 1367, 1376 (Fed. Cir. 2010). Mediacom fails on both accounts. While the '164 patent was filed on September 29, 1992, Mediacom argues the Com21 System was actually reduced to practice in 1998.[17]

With respect to conception, Mediacom's only evidence of purported conception dated prior to Sprint's patents is the '164 patent and yet their own expert does not contend that reference alone discloses each element of the asserted claims. In particular, Mr. Gilchrist relies on independent documents created well after 1992, or the knowledge of one with ordinary skill in the art, to fill in missing disclosures from the '164 patent.[18] As one example, Mr. Gilchrist cites a 1997 "Telephony

---

[14] Ex. I, Gilchrist Reply Rpt., ¶ 126 (opining on actual reduction to practice in 1998); Ex. F, Baran Tr. 71:16–72:25, 136:1–137:12.

[15] Sprint separately moves to exclude the testimony of David Baran and William Gallagher because it is based on events to which they had no personal knowledge.

[16] "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial, with all the potential for confusion, as well as prejudice to other litigants, who must wait longer for their trial, that a long trial creates." *United States v. Cross*, 308 F.3d 308, 326 (3d Cir. 2002) (citation omitted)).

[17] Ex. I, Gilchrist Reply Rpt., ¶ 126. Mediacom does not contend that the Baran '164 patent is constructive reduction to practice for the Com21 System. (Ex. I, Gilchrist Reply Rpt., ¶ 126.

[18] Ex. J, Gilchrist '429 Chart at 18–20 (citing DTX13 dated April 22, 1996).

2

Functional Specification" and knowledge of a POSITA as evidence that the Com21 System allegedly used signaling messages and identifiers to connect calls to the PSTN.[19] Therefore, based on Mediacom's own invalidity theories, the '164 patent alone is insufficient to demonstrate complete conception of the Com21 system under 102(g), and the system should be entirely excluded for that reason alone. *See Solvay S.A. v. Honeywell Int'l, Inc.*, 622 F.3d 1367, 1376 (Fed. Cir. 2010) ("Conception is the formation, in the mind of the inventor, of a definite and permanent idea of a complete and operative invention, as it is hereafter to be applied in practice.").

As for actual reduction to practice, Mediacom has no admissible evidence Paul Baran "1) constructed an embodiment or performed a process that met all the limitations of the claim[s] and (2) determined that the invention would work for its intended purpose." *In re Steed*, 802 F.3d 1311, 1318 (Fed. Cir. 2015); *see also TC Tech. LLC v. Sprint Corp.*, 379 F. Supp. 3d 305, 319 (D. Del. 2019). On this point, neither of Mediacom's Com21 witnesses, William Gallagher and David Baran, have personal knowledge as to when a complete Com21 System that met all the limitations was constructed, if ever. Neither were involved in building or testing the Com21 System. David Baran did not even join COM21 until December 1998. William Gallagher was in sales and admits that he did not understand the details of the technical aspects of Com21's offerings.[20] Further, even the documents and testimony indicate that "PSTN connection via VoIP gateway" and compliance with the PacketCable specification were planned, future phases as of 1998.[21] Because Mediacom cannot establish that a system embodying all of the asserted claim limitations was actually reduced to practice, the Com21 System should be excluded under FED. R. EVID. 402 and 403.

---

[19] *Id.*; *see also* DTX13.
[20] *See* Ex. E, Gallagher Tr. at 183:9–13; 12:15–22; 91:10.
[21] Ex. F, Baran Tr. 165:18–167:3; COM-DEL(1013)-03089502, -505; Ex. E, Gallagher Tr. 201:19–202:4.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,<br>    *Plaintiff,*<br><br>    v.<br><br>MEDIACOM COMMUNICATIONS CORP.,<br>    *Defendants* | Case No. 17-1736-RGA<br>CONFIDENTIAL – FILED UNDER SEAL |

## **MEDIACOM'S OPPOSITION TO SPRINT'S MOTION IN LIMINE III**

**III.     Despite Sprint's untimely motion for summary judgment, the Com21 System is relevant and admissible**

Sprint's MIL #3 presents a factually intensive dispute about whether certain references related to a prior art system, Com21—that are relevant and probative to the question of validity of Asserted Patents—qualify as prior art. That issue is a question of proof—not a basis for excluding evidence. Sprint has inappropriately filed a summary judgment motion disguised as a motion *in limine*. Importantly, Sprint will not suffer any prejudice by the introduction of the references related to Com21 because it has had every opportunity to build its case refuting Mediacom's allegations with respect to these references. Whether the documents related to the Com21 system were part of a publicly available system, or whether that system invalidates the Asserted Patents, are factual issues that can only be resolved by evidence presented at trial, and thus Sprint's MIL should be denied.

"It is well settled that [m]otions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues, such as the sufficiency of the evidence to support a claim or defense." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 532 (D.N.J. 2008) (internal quotation marks and citation omitted).[7] Indeed, a motion in limine is "not the appropriate vehicle" to decide even pure legal questions. *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 4090550, at *6 (N.D. Cal. Aug. 19, 2014).

Motions similar to Sprint's have been denied in the Third Circuit as improper motions for summary judgment masquerading as a motion *in limine*. For example, in *In re Depomed Patent*

---

[7] *See also Johns Hopkins Univ. v. Alcon Labs. Inc.*, 2018 WL 4178159, at *21 (D. Del. Aug. 30, 2018) ("A motion in limine is not the proper vehicle by which to eliminate issues from a case."); *Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, No. 08-CV-00578-WJM-CBS, 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012) ("An in limine motion is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because [t]hat is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.").

*Litigation*, the court denied the plaintiff's request to "exclude evidence and argument regarding references that they allege are not prior art," finding whether a reference is prior art presents "a question that requires weighing the evidence." C.A. 2:13-cv-04507, 2016 WL 743374, at *1-2 (D.N.J. Feb. 22, 2016). As such, a pre-trial motion *in limine* was not the "appropriate time" to determine whether the references were prior art and stating "[a]t trial" "the parties will have the opportunity to present [such] evidence." *Id*; *see also Wasica Finance GmbH v. Schrader Int'l, Inc.*, C.A. No. 13-1353-LPS, 2020 WL 509182, at *1 (D. Del. Jan. 31, 2020) (denying motion *in limine* seeking to preclude plaintiff "from asserting any doctrine of equivalents ("DOE") infringement claims at trial" because such a motion "is not a proper basis for a MIL."). Here, Sprint's argument that there is not sufficient evidence that the Com21 system is prior art is not a proper motion *in limine*. Indeed, Sprint's motion seeks to require Mediacom to marshal all its evidence showing that the Com21 documents evidence a prior art system. As in *In re Depomed*, consideration of whether the Com21 system was publicly available prior art would require "weighing the evidence" and the "appropriate time" to introduce this evidence is at trial. Sprint's thinly veiled motion for summary judgment should be denied.

Even if Sprint's MIL #3 were proper, it should be denied because there is sufficient evidence that the system is prior art to the Asserted Patents. Whether a reference or system constitutes prior art is a question of law, with underlying issues of fact. *Typeright Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004) (reversing summary judgment of invalidity because "a trial is necessary to determine whether the testimony offered by Microsoft to prove that the Marquardt document was prior art is credible."); *see also In re Epstein*, 32 F.3d 1559, 1564 (Fed. Cir. 1994) ("Whether something is "in public use or on sale" within the meaning of section 102(b), and thus properly considered prior art, is a question of law with subsidiary issues

2

of fact."). As discussed in response to Sprint's MIL #2, David Baran and William Gallagher will testify about significant factual evidence showing that the Com21 system was described in detail in several publications that were available prior to the filing of the Asserted Patents. Mediacom's expert, Mr. Seamus Gilchrist, will likewise testify in reliance on those publications that the Com21 system invalidates the Asserted Patents. *See, e.g.* Ex. R, Gilchrist Rpt., ¶¶ 322-366; Ex. S, Gilchrist Reply Rpt., ¶¶ 119-132.

There is no undue prejudice to Sprint either. "The Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact." *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996) (internal quotation marks omitted). The Court recently denied a similar MIL in *Horizon Medicines, LLC v. Alkem Labs, Ltd*. where the defendant sought to prevent plaintiff from challenging the prior art status of a publication at trial. 1-18-cv-01014-RGA, D.I. 190 at 3-4 (D. Del. Sept. 1, 2020). The court denied the motion stating the plaintiff had not conceded the issue, which "is a matter for expert testimony" and that the plaintiff can "cross-examine" defendant's expert. *Id*. Here, Sprint has been on notice that Mediacom intended to rely upon Com21 as a system since Mediacom's February 22, 2019 invalidity contentions. Ex. Q, Initial Invalidity Contentions. Sprint's expert offered opinions try to refute Mediacom's expert's opinions regarding Com21, and Sprint will have the opportunity to cross-examine Mr. Gilchrist and present their expert's testimony on the Com21 system as well.

This motion presents a factual dispute, not a proper motion *in limine*. There is sufficient evidence demonstrating that the Com21 documents relate to a prior art system, and Sprint has had and will have the opportunity at trial to test Mediacom's evidence related to Com21 and the validity of the Asserted Patents. As such, Sprint's motion should be overruled.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 17-1736 (RGA) ) |
| MEDIACOM COMMUNICATIONS CORP., | ) ) ) |
| Defendant. | ) |

### SPRINT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* III

OF COUNSEL:

B. Trent Webb
Ryan J. Schletzbaum
Ryan D. Dykal
John D. Garretson
Jordan T. Bergsten
Aaron E. Hankel
Lauren E. Douville
Mark D. Schafer
Maxwell C. McGraw
Samuel J. LaRoque
Thomas M. Patton
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

Robert H. Reckers
Michael W. Gray
SHOOK, HARDY & BACON L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002
(713) 227-8008

September 29, 2022

POLSINELLI PC
Stephen J. Kraftschik (#5623)
Christina B. Vavala (#6135)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
cvavala@polsinelli.com

*Counsel for Plaintiff Sprint Communications Company L.P.*

85335910.1

First, Sprint's motion raises a proper *in limine* evidentiary question without resolving Mediacom's invalidity defense.[5] *See, e.g., Graco Children's Prods. v. Century Prods. Co.*, No. 93-6710, 1996 U.S. Dist. LEXIS 10356, at *52 (E.D. Pa. July 23, 1996) (granting MIL under FRE 403 because "the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . [was] inextricably linked to the [non-prior art materials] at issue [and] substantially outweigh[ed] the probative value of the evidence"); *Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*, Civil Action No. 05-CV-1887 (DMC), 2009 U.S. Dist. LEXIS 103104, at *40 (D.N.J. Nov. 5, 2009) (granting prior art MIL).[6] Here, introducing the Com21 System evidence would be unduly prejudicial under 403 because it does not qualify as prior art to Sprint's asserted patents.

Second, Mediacom fails to offer any admissible, corroborating evidence that the Com21 System predated the asserted patents. Mediacom intends to present testimony from David Baran and William Gallagher, neither of whom have personal knowledge of Com21's technical operation. *See* Sprint MIL No. 2. Inadmissible testimony cannot be used to corroborate Mediacom's invalidity claim. *See Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, NO. C 92-20643 RMW, 1995 U.S. Dist. LEXIS 22335, at *5 (N.D. Cal. Apr. 25, 1995) (granting MIL where "conception proof [was] not independently corroborated").

---

[5] Unlike the decisions cited by Mediacom, Sprint's motion would exclude only prejudicial, non-prior art and not an entire issue. *See, e.g., Johns Hopkins Univ. v. Alcon Labs, Inc.*, 2018 WL 4178159, at *21 (D. Del. Aug. 30, 2018) (declining to decide willful infringement claim on a MIL); *Wasica Finance GmbH v. Schrader Int'l, Inc.*, No. 13-1353-LPS, 2020 WL 509182, at *1 (D. Del. Jan. 31, 2020) (denying MIL on all of DOE). Mediacom's other authority does not address Rule 403 in a jury trial. *In re Depomed Patent Litigation*, No. 2:13-cv-04507, 2016 WL 743374, at *2 (D.N.J. Feb. 22, 2016) (denying MIL before a bench trial).

[6] Mediacom's reliance on *Horizon Medicines LLC v. Alkem Labs, Ltd.*, is misplaced. There, the *defendant* sought to preclude the *plaintiff* from claiming priority to a provisional application that would pre-date the prior art. The court allowed cross examination of the experts on whether the asserted patent was sufficiently supported by the provisional application. Case No. 1:18-CV-01014-RGA, D.I. 203 (D. Del. Sept. 1, 2020).

# CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 6, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Steven J. Balick<br>Andrew C. Mayo<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>*Attorneys for Defendant Mediacom Communications Corporation* | BY ELECTRONIC MAIL |
| Robinson Vu<br>Natalie Alfaro Gonzales<br>Lindsay Volpenhein Cutie<br>Amy E. Bergeron<br>Charles Stephen Maule<br>Roger Fulghum<br>Lori Ding<br>BAKER BOTTS L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX 77002-4995<br>(713) 229-1234<br>*Attorneys for Defendant Mediacom Communications Corporation* | BY ELECTRONIC MAIL |
| Timothy S. Durst<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX 75201-2980<br>(214) 953-6500<br>*Attorneys for Defendant Mediacom Communications Corporation* | BY ELECTRONIC MAIL |

G. Hopkins Guy, III  
BAKER BOTTS L.L.P.  
1001 Page Mill Road  
Building One, Suite 200  
Palo Alto, CA  94304-1007  
(650) 739-7500  
*Attorneys for Defendant Mediacom Communications Corporation*

*BY ELECTRONIC MAIL*

*/s/ Stephen J. Kraftschik*

Stephen J. Kraftschik (#5623)